| 40 | 633 |
|----|-----|
| 50 | 852 |
| 52 | 24 |
| 53 | 452 |
| 54 | 296 |

## Antone Ganzer v. Katie Schiffbauer.

### Filed May 15, 1894.    No. 5346.

1. **Review:** Briefs: Misconduct of Attorneys. It is conduct reprehensible in the highest degree for counsel in their briefs and arguments in this court to indulge in reflections upon the integrity of the district judges. Briefs filed here containing such reflections will not be considered by this court, but ordered stricken from the files.

2. **Judgments:** Power of Courts to Modify. The power of a district court over its own judgment during the term at which it is rendered is entirely discretionary; but the discretion of the court as to the vacation or modification of a judgment ends with the adjournment of the term at which such judgment was rendered, and neither the court nor the judge has any authority to vacate or modify a judgment rendered by it after the term at which it was rendered, except for the causes and in the manner prescribed by the statute, and except in the exercise of its general equity powers. *Smith v. Pinney*, 2 Neb., 139, followed.

3. **Petition to Vacate Judgment:** Grounds: Pleading. A defendant, after the close of the term of court at which a judgment was rendered against him, filed a petition to vacate such judgment on the grounds that neither he nor his counsel was present during such term of court, nor had any knowledge of the date of the session before its adjournment; that he wrote the clerk of the court, inquiring for the date of the term prior thereto, but received no reply; that by the usual route of travel he lived and was served with summons four hundred and fifty miles from the place of holding said court; that he employed one of a firm of three lawyers to defend his case, but the counsel so employed was in attendance upon the supreme court during the session of court at which such judgment was rendered, and neither of his partners knew anything of defendant's case, nor had anything to do with its management. *Held*, That these facts do not show that defendant was prevented by unavoidable casualty or misfortune from defending his suit, within the meaning of section 602 of the Code of Civil Procedure, and that, therefore, the petition does not state a cause of action.

4. **Attorney and Client:** Duties of Member of Law Firm. When one member of a law firm is retained or employed, such

employment or retainer is that of the entire firm, and it is the duty of the attorney retained or employed to fully inform his partners of all engagements he has undertaken on behalf of the firm, and impart to them all the facts within his knowledge bearing upon the case.

ERROR from the district court of Scott's Bluff county. Tried below before CHURCH, J.

*Allen, Robinson & Reed,* for plaintiff in error.

*M. J. Huffman* and *W. J. Richardson,* for defendant in in error, cited: *Hastings School District v. Caldwell,* 16 Neb., 72; *Smith v. Groves,* 24 Neb., 549; *Lieby v. Ludlow,* 4 O., 492; *Spencer v. Thistle,* 13 Neb., 229; *Bernstien v. Brown,* 23 Neb., 64; *Morrill v. Taylor,* 6 Neb., 252.

RAGAN, C.

On the 19th day of April, 1890, Katie Schiffbauer, formerly Ganzer, brought a suit in the district court of Scott's Bluff county against Antone Ganzer and William Ganzer to set aside and have declared void a mortgage and deed made by her upon certain real estate to Antone Ganzer, upon the grounds that said mortgage and deed were obtained from her without consideration and by fraud. The parties made defendants were personally served with summons, but William Ganzer did not appear in the case. On the 12th day of May, 1890, Antone Ganzer, by his attorneys, Messrs. Allen, Robinson & Reed, filed a demurrer to the petition of Mrs. Schiffbauer. The district court of Scott's Bluff county convened on the 25th day of May, 1890. On the 27th day of May, 1890, the case was called and the demurrer to the petition overruled. On the 29th day of May, 1890, Antone Ganzer not appearing further in the case and no one appearing for him, the court proceeded to a trial of the case and rendered a decree canceling the deed and mortgage made by Mrs. Schiffbauer to her father, Antone Ganzer. On the 23d day of June, 1890, Antone

Ganzer, by his counsel, Messrs. Allen, Robinson & Reed, filed in the district court of Scott's Bluff county a duly verified petition for a new trial of the case of Mrs. Schiffbauer against Antone Ganzer and others. The substance of this petition is as follows:

1. A denial of the truth of the averments in Mrs. Schiffbauer's petition, which she filed for the cancellation of the deed and mortgage.

2. That the plaintiff, in the petition for a new trial, then, and for ten years prior thereto, had lived on a farm in Madison county, Nebraska, at which place he was served with summons in the case brought by Mrs. Schiffbauer against Antone Ganzer, and distant four hundred and fifty miles by the direct and usual course of travel from the county seat of Scott's Bluff county; that on the 12th day of May, 1890, he had caused a demurrer to be filed to the petition of Mrs. Schiffbauer against him, sending said demurrer by mail to the clerk of the court of Scott's Bluff county, and inquiring of said clerk when the court would be in session; that he received no information from the clerk as to when the session of the court would be held and did not know of the May, 1890, term of said court until after it had adjourned.

3. That he was not present at the time the district court ruled on the demurrer filed to Mrs. Schiffbauer's petition, nor at any time during said term of court; that he had employed Mr. Allen, of the law firm of Allen, Robinson & Reed, to conduct the defense of the case brought by Mrs. Schiffbauer; that Mr. Allen, on behalf of the firm, had undertaken said defense; that Mr. Al'en, on the 24th day of May, 1890, was called to Lincoln, Nebraska, to attend a term of the supreme court, and remained there until the first of June following, and on his return home first learned that at the May, 1890, term of the Scott's Bluff county court it had decided the case brought by Mrs. Schiffbauer and adjourned; that neither of the other members of the

firm of Allen, Robinson & Reed knew anything about the case, nor had anything to do with its management.

To this petition for a rehearing Mrs. Schiffbauer demurred, on the ground that the same did not state facts sufficient to entitle Antone Ganzer to a new trial. The court sustained the demurrer and dismissed the petition for a new trial, and Antone Ganzer brings this ruling of the court here for review.

Counsel for the plaintiff in error, in their brief filed here, say: "The judgment [Schiffbauer v. Ganzer] was a 'snap judgment,' to which the judge hearing the demurrer seems, from the record, to have been a party. * * * This ruling was made either by an ignoramus, or with the ulterior purpose of wronging the plaintiff in error." This statement of counsel is reprehensible in the highest degree. It is as uncalled for as it is undignified. Counsel must confine their arguments to the merits of the cases in hand, and not indulge in libels upon the trial judges, or cease to practice in this court. The brief filed herein by counsel for plaintiffs in error will be stricken from the files.

Did the court err in sustaining the demurrer of Mrs. Schiffbauer to the petition of Antone Ganzer for a new trial? This petition was filed after the adjournment of the term of court at which the decree of Mrs. Schiffbauer against Antone Ganzer was rendered. Section 602 of the Code of Civil Procedure provides: "A district court shall have power to vacate or modify its own judgments or orders, after the term at which such judgment or order was made: First—By granting a new trial of the cause, within the time and in the manner prescribed in section 318. Second—By a new trial granted in proceedings against defendants constructively summoned, as provided in section 77. Third—For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order. Fourth— For fraud practiced by the successful party in obtaining the judgment or order. Fifth—For erroneous proceedings

against an infant, married woman, or person of unsound mind, where the condition of such defendant does not appear in the record, nor the error in the proceedings. Sixth—For the death of one of the parties before the judgment in the action. Seventh—For unavoidable casualty or misfortune, preventing the party from prosecuting or defending. Eighth—For errors in a judgment shown by an infant in twelve months after arriving at full age, as prescribed in section 442. Ninth—For taking judgments upon warrants of attorney for more than was due to the plaintiff, when the defendant was not summoned, or otherwise legally notified of the time and place of taking such judgment." The power of a district court over its own judgment during the term at which it is rendered is entirely discretionary; but the discretion of the court as to the vacating or modifying its judgments or orders ends with the adjournment of the term at which such judgment was rendered or order made, and a court or judge has no authority to vacate or modify or set aside any judgment rendered by it after the term at which it was rendered, except for the causes and in the manner prescribed by the statute, and except in the exercise of its general equity jurisdiction. (*Smith v. Pinney*, 2 Neb., 139.)

If the facts stated by the plaintiff in error in his petition entitle him to a new trial, it is because such facts come within the seventh subdivision of section 602 of the Code quoted above, viz., that he was prevented by unavoidable casualty or misfortune from defending the suit of Mrs. Schiffbauer against him. The reason he alleges as to why he was prevented from defending that suit are that he did not know at what time the district court of Scott's Bluff county would be in session, and that the counsel he employed had business in this court at the time the Scott's Bluff district court was in session, and that the other members of the firm of Allen, Robinson & Reed did not know anything about the case of the plaintiff in error, nor have

anything to do with the management of it. These facts do not show that the plaintiff in error was prevented from defending his suit by unavoidable casualty or misfortune. The fact that the plaintiff did not know when the district court of Scott's Bluff county would be in session is no excuse for his failure to attend there and defend his case. (*Smith v. Pinney, supra.*) Neither is it any excuse for the plaintiff in error that the counsel he employed to attend to his case neglected to do so. The failure of Allen, Robinson & Reed to ascertain at what time the district court of Scott's Bluff county would be in session and to be present there and defend the suit of the plaintiff in error may afford him a cause of action against them, but the neglect of the counsel of plaintiff in error affords no reason why the district court should have granted the plaintiff in error a new trial; nor does the fact that the plaintiff in error resided four hundred and fifty miles distant from the place where the action against him was to be tried afford him any excuse, under the facts stated in his petition, for not being present at the trial of the suit brought by Mrs. Schiffbauer. He was not compelled to employ counsel living at a distance from the county seat of Scott's Bluff county. If he chose to do so, and the counsel employed, either through neglect or by reason of having engagements elsewhere, failed to attend at the time of the trial of the case, such engagements and such failure of counsel were neither unavoidable casualties nor misfortunes within the meaning of the statute. Nor is there any merit whatever in the averment that Robinson and Reed, members of the firm of Allen, Robinson & Reed, knew nothing of the plaintiff in error's case and had nothing to do with it. When one member of a law firm is retained or employed, such employment or retainer is that of the entire firm, and it is the duty of the attorney retained or employed to fully inform his partners of all the engagements he has undertaken on behalf of the firm, and impart to them all the

facts within his knowledge bearing upon said case.    The
judgment of the district court is

AFFIRMED.