GEORGE W. SCOTT v. JOHANNA C. WRIGHT ET AL.

FILED MARCH 3, 1897. No. 7107

1. Judgment: PROCEEDING TO VACATE. A judgment suffered because of the negligence of counsel employed is not the result of unavoidable casualty or misfortune within the meaning of subdivision 7, section 602, of the Code of Civil Procedure.

2. ———: ———. In a suit in ejectment against a married woman and her husband, judgment was rendered for the plaintiff. After the adjournment of the term at which judgment was rendered the wife filed a petition to vacate it, alleging that she depended entirely upon her husband to conduct the defense of the ejectment suit; that at the time of the rendition of the judgment he was sick and unable to be in attendance in court, and the judgment was rendered in his absence and in the absence of all persons interested in the defense; that her husband willfully betrayed her and deprived her of an opportunity to appear and make a defense to the ejectment suit. *Held*, (1) That the averments of the petition did not show that the wife had been prevented from defending the ejectment suit by an unavoidable casualty or misfortune within the meaning of said section 602 of the Code; (2) that the facts averred in the petition were not sufficient to authorize the district court in the exercise of its general equity jurisdiction to set aside the judgment in the ejectment case.

ERROR from the district court of Douglas county. Tried below before SCOTT, J. *Reversed.*

*Saunders & Macfarland,* for plaintiff in error.

*Andrew Bevins, contra.*

58

Ragan, C.

In the district court of Douglas county, George W. Scott brought a suit in ejectment against Johanna C. Wright and Luther R. Wright. The parties made defendants appeared and answered and judgment was rendered against them. After the adjournment of the term at which such judgment was rendered, Johanna C. Wright filed a petition against Scott to vacate the judgment rendered against her in the ejectment suit. To this petition Scott interposed a general demurrer, which was overruled and the judgment vacated, and from this order Scott has prosecuted an error proceeding.

The petition of Mrs. Wright sets forth facts which constitute a meritorious defense to the action of ejectment. In her petition she also avers that at the time of the rendition of such judgment she was a married woman, the wife of her co-defendant in the ejectment suit, Luther R. Wright; that she depended entirely upon him to manage and conduct the defense of the ejectment suit, and to inform her whenever any proceedings were to be had or her presence or evidence were required in the action; that at the time of the rendition of the judgment her husband "was sick and unable to be in attendance in court or present at such trial, and said judgment was rendered in his absence and in the absence of all persons interested in the defense to said action;" that she did not know that a trial had been had and a judgment rendered in the ejectment suit until after the adjournment of the term in which such judgment was rendered; that after the rendition of such judgment, and after the recovery of said Luther R. Wright from such sickness, he willfully and wrongfully withheld from his wife all knowledge that any proceedings had been had in such action, until too late to file a motion to set such judgment aside.

Do the facts averred in this petition show that Mrs. Wright was prevented from defending the ejectment suit by unavoidable casualty or misfortune, within the mean-

ing of the seventh subdivision of section 602 of the Code? The district court seems to have been of opinion that the sickness of Mrs. Wright's husband on the day of the trial of the ejectment suit was an unavoidable casualty or misfortune within the meaning of the Code. The failure of counsel employed to be present at the trial of a case on account of sickness has sometimes been held such an unavoidable casualty or misfortune as entitles the party suffering the judgment to have it vacated. Such is *Bristor v. Galvin*, 62 Ind., 352. In *Town of Omro v. Ward*, 19 Wis., 249, the case was set for trial on the 22d of December. On the 21st of that month the attorney employed took the train for the place of trial and in time to reach there in the evening of the 21st; but by reason of a wreck or accident upon the road the counsel did not reach the court room until after the judgment had been rendered, on the 22d. The court held that this was such an unavoidable casualty or misfortune as entitled the party suffering the judgment to have it vacated. But in the case at bar the petition of Mrs. Wright does not allege when her husband and attorney first became sick, nor the nature of his sickness,—whether it was of such a character as to affect his mind and deprive him of the power to give directions concerning the pending ejectment suit, nor does she allege how long his sickness continued,—whether he recovered in time to have filed a motion to vacate the judgment during the term at which it was rendered; nor does the petition allege when the term of court at which the ejectment judgment was rendered finally adjourned.

If it be conceded that the sickness of counsel on the day of trial is an unavoidable casualty or misfortune within the meaning of the statute, the facts averred in the petition do not disclose that the judgment in ejectment against Mrs. Wright was the result of such casualty or misfortune; nor do they show that, by reason of the sickness of her husband on the day of trial, she was deprived of an opportunity to file a motion to vacate the

judgment in ejectment during the term at which it was rendered. Though the husband may have been sick on the day of trial and unable to be present in court, still, from anything that appears in the petition, this sickness may have begun long before the trial. The sickness of her counsel was known to Mrs. Wright, and she may have had opportunity to employ other counsel; and from anything that appears in the petition her husband recovered from his illness during the term at which the judgment was rendered, and in sufficient time to have filed a motion to set it aside; and it does not appear from the petition that during all his sickness he was unable to communicate with her in reference to the pending suit or judgment and afford her an opportunity to employ other counsel to look after it; nor does it appear from the petition that the sickness of the husband was of such a character as to require the wife's attendance upon him at the day of the trial. A careful analysis of this petition discloses that this ejectment judgment against Mrs. Wright was the result of the negligence of her husband. A client who employs counsel to defend a suit is responsible for his negligence or other acts, which do not amount to a fraud, and a judgment suffered because of the negligence of counsel employed is not the result of unavoidable casualty or misfortune within the meaning of the statute. (*Ganzer v. Schiffbauer*, 40 Neb., 633.) The facts averred in the petition do not bring the plaintiff within the provisions of section 602 of the Code of Civil Procedure. The district courts of the state, by virtue of their general equity jurisdiction, may vacate a judgment after the term at which it was rendered for causes not specified in section 602 of the Code. But the facts averred in the petition in the case at bar are not sufficient to authorize the district court, in the exercise of its general equity jurisdiction, to set aside the judgment in the ejectment suit. It is true that Mrs. Wright, in the petition, avers that her husband willfully betrayed her and deprived her of an opportunity to appear and

make a defense to the ejectment suit, but this is a mere conclusion. No facts are stated. The decree appealed from is reversed and the cause remanded, with instructions to the district court to sustain the demurrer of the appellant.

REVERSED AND REMANDED.