TRYPHENA KIRKHAM V. FRANCIS N. GIBSON ET AL.

FILED JUNE 15, 1897. No. 7383.

Judgments: VACATION: PETITION. A petition presented to the district court under the provisions of sections 602 and 603 of the Code of Civil Procedure to obtain the vacation or modification of its judgment or decree, must contain statements which disclose that there exist some one or more of the reasons assigned in section 602 for the granting of such relief, or the facts averred must be sufficient to warrant the court within the exercise of its general jurisdiction to set aside the decree.

ERROR from the district court of Lancaster county. Tried below before TIBBETS, J. *Affirmed.*

*D. T. Hayden* and *John P. Maule,* for plaintiff in error.

*E. H. Wooley, contra.*

HARRISON, J.

The plaintiff in error filed a petition in the district court of Lancaster county, the object and purpose of which was to secure to be vacated a decree of that court rendered during a term thereof which had been closed prior to the filing of the petition, and by which the title to certain real estate, which of record was in plaintiff in error, was affected; also to be allowed to appear and make a defense in the action in which the decree had been entered. To the petition a general demurrer was interposed for the defendants in error, which, on hearing, was sustained, and the plaintiff electing to stand on the petition and plead no further, the cause was dismissed.

The petition in this action was filed under the provisions of sections 602 and 603 of the Code of Civil Procedure, and a careful reading of the petition convinces us that there were no allegations which entitled the plaintiff to the relief sought. From the facts stated it does not appear that there was any irregularity in obtaining the judgment which was asked to be vacated, nor that the party seeking its vacation was prevented from defending in the suit in which it was rendered by any unavoidable casualty or misfortune, nor that there was any fraud or wrong practiced by the successful party in obtaining the decree, nor are any of the other reasons or causes assigned in the law as sufficient to warrant the court in vacating its judgment disclosed; hence the court ruled properly when it sustained the demurrer. The petition did not state a cause of action, nor sufficient grounds for relief. (*Ganzer v. Schiffbauer*, 40 Neb., 633; *Scott v. Wright*, 50 Neb., 849.) The judgment of the district court will be

AFFIRMED.