LAURA F. FUNK, APPELLEE, V. KANSAS MANUFACTURING COMPANY ET AL., APPELLANTS.

FILED JANUARY 19, 1898. No. 7701.

1. **Judgments:** EQUITABLE RELIEF: NEGLIGENCE. A court of equity will not afford relief against a judgment or decree obtained against a party through the negligence of his attorney.

2. ———: ———: EVIDENCE. Evidence *held* insufficient to support the decision of the trial court vacating a former decree in another action between the same parties.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J. *Reversed.*

*Ricketts & Wilson,* for appellants.

*Doty & Haggard, contra.*

NORVAL, J.

The Kansas Manufacturing Company recovered several money judgments against Ancil L. Funk, on which executions were issued, which were returned by the sheriff of Lancaster county *nulla bona.* Alias executions were thereupon issued on said judgments, and levies were made thereunder upon certain real estate as the property of Funk, which prior thereto he had conveyed to his brother-in-law T. W. Thornburg, who likewise conveyed it to Laura F. Funk, the wife of said judgment debtor. Subsequently, and after the levy of said executions, the Kansas Manufacturing Company commenced a suit in the court below, in the nature of a creditor's bill, against Ancil L. Funk, Laura F. Funk, and T. W. Thornburg, to

set aside the deeds to said real estate, and to subject the property to the payment of said judgments. On May 11, 1893, Laura F. Funk filed an answer and cross-petition therein, which not only denied many of the material averments of the creditor's bill, but pleaded matters upon which she asked affirmative relief. On June 19, 1894, the plaintiff therein replied to said answer and cross-petition and filed a supplemental petition setting up the recovery by it on that day of another judgment against said Ancil L. Funk. On June 20, which was a day in the April term, 1894, of the district court of Lancaster county, the cause was tried in the absence of Mrs. Funk, and in nine days later a decree was entered cancelling the conveyances, and awarding the plaintiff therein a lien upon the real estate. An order of sale was issued thereon, and the property was advertised for sale, but prior to the day fixed for the sale, and on August 28, 1894, Mrs. Funk instituted this action against the sheriff, Fred A. Miller, and the Kansas Manufacturing Company to enjoin the sale and to vacate and set aside the decree of June 29, From the decree awarding Mrs. Funk the full measure of relief demanded in her petition the defendants prosecute this appeal.

The evidence adduced tended to prove that Mrs. Funk had a meritorious defense against the creditor's bill. Therefore we are limited in our investigation to the question whether sufficient cause existed for setting aside and vacating the decree which canceled the conveyances to the real estate in controversy. Relief was asked upon two grounds: First—That her attorneys failed to properly look after her interest in the action or to notify her of the time when the cause would be reached for trial; and second—that she was misled as to the time of the trial by an agreement made with the Kansas Manufacturing Company that the cause should not be heard during the April term, 1894, of the district court. Assuming, without deciding the point, or intimating that the facts warrant such an inference, that Mrs. Funk's at-

torneys were negligent, such fact constituted no justification for vacating the decree. It is well settled that equity will not relieve a party against a judgment on account of his own negligence or that of his attorney. The fault or negligence of an attorney is in law regarded the neglect of the client. (Weeks, Attorneys [2d ed.] sec. 294; 1 Black, Judgments secs. 500-503; *Jones v. Leech,* 46 Ia. 186; *Drinkard v. Ingram,* 21 Tex. 650; *Lee v. Green,* 28 Atl. Rep. [N. J.], 904; *Yates v. Monroe,* 13 Ill. 213; *Kern v. Strausberger,* 71 Ill. 413; *Clark v. Ewing,* 93 Ill. 572; *Barrow v. Jones,* 1 J. J. Marsh. [Ky.] 470; *Ganzer v. Schiffbauer,* 40 Neb. 633; *Scott v. Wright,* 50 Neb. 849; *Losey v. Neidig,* 52 Neb. 167.)

Plaintiff and her husband on and prior to April 10, 1894, resided in the city of Lincoln and on that date they moved to Alcovia, Wyoming. There were then pending two suits in the district court of Lancaster county in favor of the Kansas Manufacturing Company, one against Ancil L. Funk for the recovery of a money judgment, and the other was the creditor's bill already mentioned. Ancil L. Funk testified that about a week prior to the removal of himself and wife to Wyoming he interviewed H. H. Wilson, one of the attorneys for the plaintiff in the last named suit, as regards the trial thereof, and his version of the conversation which then took place is here reproduced in his own language: "I met Mr. Wilson near the corner of Eleventh and O and told him that I was going to Wyoming before long, and would necessarily be some distance from the railroad, and I would like to be sure that this case was put off until fall. He said that he was not particular about the equity case, but the law case he should press—he had put that off and would not put it off again—but the equity case he was not particular about, and would not take any undue advantage of my absence, or my wife's." Mr. Funk further testified that had it not been for this conversation and the reliance placed thereon, he and his wife would have attended the trial. H. H. Wilson testi-

fied positively that no conversation of the import narrated by Mr. Funk was ever had, and Mr. Wilson is corroborated by other testimony appearing in the record. Moreover, if the conversation occurred as testified to by Mr. Funk it is insufficient to sustain the allegation in the petition that there was a definite agreement that the cause should not be tried during the term of the district court at which it was heard. At most it cannot be claimed that Mr. Wilson agreed to anything more than that no undue advantage should be taken of the absence of Mr. Funk or his wife. The record fails to disclose that any undue advantage was taken of the absence, since the Funks, by letters received from their attorney, were advised that the equity case was on the call for the April term and urged upon them the necessity of their being present at the trial. In no reply to these letters was it suggested that there was an agreement that the cause should not be tried at that term of court. Counsel for Mrs. Funk consented to the setting of the case down for trial, and when it was reached asked for no postponement of the hearing, and made the very best defense possible without the assistance of either client or witness. It is manifest that no sufficient cause was shown for vacating the decree of June 29, 1894. The decree of the court below herein is reversed, and the action dismissed.

REVERSED AND DISMISSED.