TOOTLE-WEAKLEY MILLINERY COMPANY, APPELLANT, V. L. W. BILLINGSLEY, TRUSTEE, APPELLEE.

FILED OCTOBER 5, 1905. No. 13,928.

1. **Judgment: EQUITY: NEGLIGENCE.** A court of equity will not relieve against a judgment obtained against a party by reason of the negligence of his attorney.

2. **Absence of Reporter: REVIEW.** If a party desires to complain of the absence of the official reporter, he should call the attention of the trial court thereto, obtain a ruling, and if forced to trial without the reporter preserve his exceptions.

3. **Appearance.** If a party who contends that a court has no jurisdiction over his person files a motion for a new trial, he thereby concedes that the court has power to act, and will not be afterwards heard to assert the contrary.

4. **Bankruptcy: SET-OFF.** A party against whom a judgment has been rendered in favor of the trustee of a bankrupt may, by proper proceedings in equity, be allowed to offset against the same a claim allowed in its favor against the bankrupt in the bankruptcy proceedings.

APPEAL from the district court for Lancaster county: EDWARD P. HOLMES, JUDGE. *Affirmed and remanded with directions.*

*Wilson & Brown,* for appellant.

*Joseph E. Philpott, contra.*

LETTON, C.

This is an appeal from an equitable action instituted by the appellant in the district court for Lancaster county to obtain a new trial in a certain cause pending in that court, and in which judgment was entered on the 2d day of April, 1903, against the appellant and in favor of L. W. Billingsley, trustee. In January, 1900, the appellant filed in the district court for Lancaster county his petition against the Globe Savings Bank, and certain sureties upon a bond given to the state of Nebraska to pay the debts of said savings bank, and against Sadie E. Puckett. The petition alleged, in substance, that Sadie E. Puckett had deposited certain money in said savings bank; that she had assigned her passbook and account to the Tootle-Weakley Millinery Company; that the bank was insolvent, and that the sureties were liable for the amount of the deposit. After this petition was filed, Sadie E. Puckett was adjudged a bankrupt, and L. W. Billingsley was appointed as trustee of her estate. On May 8, 1902, the trustee obtained leave to file an answer and cross-petition to the petition of the Tootle-Weakley Millinery Company, within ten days. On February 3, 1903, without further leave of court, Billingsley, trustee, filed an answer and cross-petition. The cross-petition alleged that the passbook was the property of Sadie E. Puckett; that it came into the possession of the Tootle-Weakley Millinery Company without her knowledge or consent; alleged a demand for its return, and refusal; that it was of the value of $500; and prayed judgment for its value. No notice of the filing of this cross-petition was served upon the appellant, but on March 10 the plaintiff was given five days to plead to the same. On the 19th of March the default of

the plaintiff to the cross-petition was entered; and the record recites that on the 2d day of April, 1903, the parties appeared by their attorneys, a trial had to the court without the intervention of a jury, the same being waived by agreement in open court; and a finding in favor of Billingsley, trustee, upon the cause of action set forth in the cross-petition was made, and a judgment for $532.64 was rendered against the plaintiff. The next day, during the same term of court, a motion for a new trial was filed by W. T. Stevens, acting as attorney for the plaintiff, alleging, as grounds therefor, that the court was without jurisdiction over the plaintiff; that no service of process was had upon the cross-petition; that the judgment was rendered without notice and after the jury was discharged; alleging the usual grounds that the judgment was contrary to law, and to the evidence, etc.; and, further, that the defendant was guilty of fraud and deception in her testimony. This motion for a new trial was overruled, and the court adjourned April 6, 1903. The plaintiff was given 40 days to prepare a bill of exceptions. An application was made to the court to prepare a bill of exceptions within this time, but it appears that no notes of the evidence were taken at the trial and the plaintiff was unable to procure such bill.

The appellant contends that the default judgment was rendered without jurisdiction. The record shows an appearance by its attorneys at the time of the trial, and active participation therein by the agreement to waive a jury. It is alleged, however, that these allegations are untrue. Even if so, the duly authorized attorney for the appellant appeared in court the next day and filed a motion for a new trial, which motion was acted upon by the court, and exception taken. Having invoked the powers of the court to set aside the default judgment, the appellant thereby admitted its jurisdiction. It cannot consistently say that the court had no jurisdiction in the proceedings, and at the same time pray for the exercise of its powers for its own benefit. The appearance made by the

attorney at this time gave jurisdiction as to the entire proceedings. *Fisk v. Thorp*, 60 Neb. 713.

Appellant's second contention is that there was no evidence to support the judgment. This point could properly have been raised upon error proceedings from the original judgment, and offers no reason for granting a new trial by a court of equity.

Appellant's third contention is that the plaintiff had an absolute right to depend upon the official reporter to take the evidence, and, when called upon, to prepare a bill of exceptions. The evidence shows that W. T. Stevens, the attorney for the plaintiff, knew of the order made by the court giving the plaintiff leave to answer the cross-petition. The record shows that he was present at the time of the trial. It is true the petition alleges that this entry is incorrect and that no attorney was present, but we are compelled to accept the record as true in this proceeding. If any mistake was made by the clerk, the plaintiff should have applied to the court under the provisions of sections 602 *et seq.* of the code to have the same corrected so as to show the facts. It would establish an evil precedent if we should permit the records of the district court to be corrected by proceedings in equity to obtain a new trial. If the record could be contradicted in a proceeding of this nature, no faith could be placed in the verity and finality of judicial proceedings, until the time fixed by the statute of limitations to bring such actions had expired. The remedy provided by the statute for such corrections is ample and there is no reason why it should not be followed. If the plaintiff was present at the trial, the absence of the official reporter should have been called to the attention of the court, and, if an order for his attendance was refused, that fact should have been preserved in the record. We have held that a party is justified in relying upon the court reporter for a transcript of the oral proceedings at the trial, and that if, without fault on his part, such transcript cannot be furnished nor a bill of exceptions prepared, a court of

equity will, in a proper case, grant a new trial. In this case Mr. Stevens testifies that the judge spoke to him about this cross-petition in the court house, and that he told him it was doubtful whether he would make any further appearance. He thinks this was just before judgment was entered, and the testimony of Judge Frost and of Mr. Philpott shows that Mr. Stevens was aware that an effort would be made to obtain a judgment against his clients upon the cross-petition during that term of the court, which was just about to expire. It is a settled principle of law that a court of equity will not relieve against a judgment obtained against a party by reason of the negligence of his attorney. *Funk v. Kansas Mfg. Co.,* 53 Neb. 450; *Scott v. Wright,* 50 Neb. 849; *Losey v. Neidig,* 52 Neb. 167. If the appellant's attorney was present at the trial and did not object to the absence of the official reporter, he cannot now seek a new trial upon that ground. It was his duty to call the attention of the trial court thereto, to obtain a ruling, and, if adverse, to preserve his exceptions. As the record now stands, it appears that the attorney failed to do this, and hence is in no position to urge it to a court of equity as ground for a new trial. The fact may be that he was not present, but as to this we are concluded by the record as it now stands.

The appellant prays for alternative relief, and asks, if it is held that it is not entitled to a new trial and the judgment is not set aside, that it may be allowed to set off against the judgment a balance remaining unpaid upon its allowed claim against the estate of Sadie E. Puckett. It argues that this claim was allowed in the bankruptcy proceedings; that this allowance is of the nature of a judgment, and that it is peculiarly within the province of a court of equity to set off one judgment against another. It appears that the appellant filed its claim in the bankruptcy proceedings for the sum of $2,293.60, which claim was allowed. This debt was secured by a mortgage upon certain real estate. Foreclosure proceedings were afterwards had, which resulted in a sale of the land and the

payment of $2,000 upon the debt. There is still unpaid on the allowed claim an amount which, together with interest, exceeds the amount of the judgment.

It has been urged that this is not the forum in which the appellant can have relief, but that it should be referred to the bankruptcy court, which alone has jurisdiction. At the time of the hearing upon the allowance of the appellant's claim in the bankruptcy court, the claim made by Mrs. Puckett against the appellant for the conversion of her passbook and money was not urged by her or her trustee as a ground of set-off against the appellant's claim. That court therefore could not act upon it, even if it had possessed jurisdiction to pass upon the validity of an unliquidated claim for damages. Nor can appellant at this time be given any relief in the bankruptcy court, since its claim stands in the same condition as that of other creditors. It is adjudicated, and nothing remains to be done with it except to apportion to it its *pro rata* share of the assets of the bankrupt estate. With the judgment the case is different; unless the set-off is allowed, the appellant will be compelled to pay the whole amount of the judgment, and to receive in return upon its allowed claim only a small percentage of what is due to it from the bankrupt. The allowance of the appellant's claim against the bankrupt's estate has all of the finality of a judgment. We have, then, two adjudicated demands, one in favor of the bankrupt's estate and one against it. We have held that the appellant is not entitled to a new trial, and the case, as it now stands, is a suit in equity to set off one judgment against another. This is the usual and ordinary manner of obtaining relief of this nature. It is not in every case that a court of equity will set off mutual demands which are distinct and independent of each other, but the insolvency of one party is a circumstance which strongly appeals to a court of conscience to apply the rule. If the result of the refusal would deprive one party of his property for the benefit of others to whom he is under no obligation, this will justify the granting of

the relief prayed. *Boyer v. Clark*, 3 Neb. 161; *Wilbur v. Jeep*, 37 Neb. 604; *Richardson v. Doty*, 44 Neb. 73. The instant case is a strong one for the application of the rule. Considering the nature of the claim for which the judgment was rendered, the facts as to the manner of its rendition, and the entire situation of the parties, it seems clear to us that equity demands that the appellant should be permitted to set off the balance due it upon its allowed claim against the judgment.

As to the contention that the matter should be determined by the bankruptcy court, and not by this court, the rule is that the party desiring the set-off must move in the court where the judgment against him was recovered, because that is the court that controls the judgment. Black, Judgments, sec. 1,002. It is also true that suits to set off a judgment of one court against the judgment of another are equitable in their nature, and usually must be brought in a court of chancery. *Thrall v. Omaha Hotel Co.*, 5 Neb. 295; *Stenberg v. State*, 48 Neb. 299. It is another elementary rule that, where a court of chancery has obtained jurisdiction of a controversy for certain purposes, it will retain the same until full justice and equity have been done between the parties. Why should the appellant be compelled to have recourse to another court to obtain relief which the present forum has full power to grant? No good reason has been assigned, and we think none can be given.

We recommend that the judgment of the district court be affirmed so far as the refusal to grant a new trial is concerned, but that the cause be remanded, with directions to the district court to ascertain the amount due the appellant upon its allowed claim and to set off the same against the judgment.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is affirmed so

far as the refusal to grant a new trial is concerned, and the cause is remanded, with directions to the district court to ascertain the amount due the appellant upon its allowed claim and to set off the same against the judgment.

JUDGMENT ACCORDINGLY.