CHARLES F. LYMAN ET AL., APPELLANTS, V. NEIL H. DUNN, APPELLEE.

FILED JANUARY 4, 1934. No. 28717.

*J. M. Fitzgerald, R. O. Canaday* and *James E. Addie*, for appellants.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and CLEMENTS, District Judge.

GOSS, C. J.

This is a review of the order of the district judge, setting aside a judgment against defendant.

April 6, 1931, plaintiff Lyman sued defendant in equity for an accounting as to certain real and personal property owned by the three present parties but held by defendant, alleged to have been improperly and fraudulently handled and in part converted to defendant's own use.

June 6, 1931, defendant being in default, judgment in favor of plaintiff was duly entered against him. June 9, 1931, a stipulation on behalf of the parties was filed to the effect that the judgment might be set aside and plaintiff given 15 days to file an amended and supplemental petition. Later Higinbotham was allowed to become a party plaintiff and a petition was filed by plaintiffs Lyman and Higinbotham, alleging an oral partnership agreement of the three parties for the purpose of purchasing, handling and selling real and personal property, each to share equally in the ownership and profits. It alleged improper handling of the partnership property and failure to account therefor; and prayed for a dissolution of the partnership, for an accounting and for a judgment against defendant.

April 6, 1932, defendant applied for 20 days additional time to answer, but failed to answer. On May 10, 1932, default was entered against defendant and, upon a hearing, the court found against defendant and entered judgment against him in favor of each plaintiff severally. No

motion for new trial was filed. The record shows that this judgment was rendered at the January, 1932, term, which adjourned August 13, 1932.

August 11, 1932, defendant filed an application, in form of a verified petition, to vacate the judgment, the obtaining of which he charged to the negligence of his then counsel. He alleged in the petition that he had advanced out of his own funds for the protection of said partnership properties approximately $17,000 and received from the sale of two properties $8,000, leaving about $9,000 due from both plaintiffs; that he advanced Lyman $6,500 on a note involved in the enterprise and is entitled to recover said sum from Lyman; that he can and will account for all moneys which came into his hands and that the accounting will show the plaintiffs indebted to him approximately as above stated; and that, if the judgment is vacated, he will file an answer and cross-petition, setting forth the facts entitling him to relief, and will not delay the case for hearing. This petition was entitled "Showing and application for vacation of judgment." It was verified by affidavit of defendant. Service of notice that it would be called up for hearing forthwith, accompanied by a copy of the petition, was accepted in writing by attorneys for Lyman and Higinbotham on August 11, 1932. But it was not then called up or heard.

On October 11, 1932, being in the September, 1932, term of court, the court heard the application, upon testimony set aside the default and judgment entered May 10, 1932, and authorized defendant to answer by October 15, 1932, upon paying all costs to that date. Plaintiffs appealed from this order and from an order overruling their motion for a new trial on the issue. Defendant-appellee filed no brief and made no argument in this court. The bill of exceptions was filed on March 25, 1933. On March 28, 1933, defendant's attorney, who represented him only on the application and hearing in the district court, withdrew here and a certified copy of his withdrawal was, at his request, sent to appellee.

The assignments of error deny the jurisdiction and power of the district court to hear and determine the application and to vacate the judgment, and allege that the facts pleaded and proved are insufficient to authorize the vacation of the judgment and that it is contrary to the law and the evidence.

If the application to vacate the judgment had been heard by the court at the term at which it was filed, appellants concede that the court would have had the power to vacate the judgment. That has been the settled law in this jurisdiction many years, if there has been no abuse of judicial discretion in exercising the power within the same term. *Smith v. Pinney,* 2 Neb. 139; *Volland v. Wilcox,* 17 Neb. 46; *Harris v. State,* 24 Neb. 803; *Bigler v. Baker,* 40 Neb. 325; *Bradley v. Slater,* 55 Neb. 334. There was a rehearing in the last named case and it was again affirmed in *Bradley v. Slater,* 58 Neb. 554, the opinions being by Judge Sullivan. In the latter opinion and syllabi it was said: "Courts of general jurisdiction possess inherent power to vacate or modify their own judgments at any time during the term at which they were pronounced. This power exists entirely independent of any statute. It is derived from the common law, and the provisions of the Code of Civil Procedure relating to new trials do not assume to abolish or abridge it. Section 314 (now Comp. St. 1929, sec. 20-1142) of the Code does not deal with the power of the court, but with the rights of the litigant." "A defendant against whom judgment has been rendered by default may during the term, and after the expiration of three days from the date of the judgment, ask the court, as a matter of judicial grace and in furtherance of justice, to grant him a new trial; and the court may comply with his request regardless of the form in which it is presented." There the judgment was vacated at the same term in which it was entered.

Here the judgment was vacated at a subsequent term. In *Schuyler Building & Loan Ass'n v. Fulmer,* 61 Neb. 68, a decree of foreclosure was rendered on August 10, 1896,

finding a certain sum due from defendants and ordering a sale of the mortgaged property. During the same term, on September 28, plaintiff filed a motion asking the court to set aside the findings and order for reasons stated. Shortly afterwards the court adjourned *sine die,* without having acted upon this motion. At the next term the court granted the motion, set aside the former decree, entered a new decree against the mortgagors in a larger amount and directed the premises sold as had been ordered done in the first decree. Mortgagors appealed to this court. The concluding words of the opinion written by Norval, C. J., are applicable:

"Such decrees are final orders or judgments within the meaning of the Code and are reviewable before sale and confirmation. This being the case, the lower court could only set aside the first decree entered by granting a motion for a new trial, which should have been filed within three days after the entering of said decree. That not having been done, and the term of court at which the first decree was entered having terminated without any action on the part of the court to set it aside on its own motion, it lost jurisdiction to vacate or in any wise modify it. Hence the action of the lower court in attempting to set aside the decree of August 10, and in entering the second decree, was void and of no effect, and said second decree is, therefore, set aside and reversed, and the former decree reinstated."

In *State v. State Journal Co.,* 77 Neb. 771, an original action in this court wherein its jurisdiction was concurrent with the district court, it was held that the provisions of the Code applied; and that "The court therefore has no power or jurisdiction to set aside a judgment and allow the amendment of a petition, in its discretion, after the final adjournment of the term at which the judgment was rendered." The opinion, by Judge Letton, cites *Huntington & McIntyre v. Finch & Co.,* 3 Ohio St. 445, in which it is said:

"The court of common pleas has ample control over

its own orders and judgments during the term at which they are rendered, and the power to vacate or modify them in its discretion. But this discretion ends with the term, and no such discretion exists at a subsequent term of the court."

We adhere to the principles heretofore followed and hold that the trial court had no discretionary power or authority to vacate the judgment on application made within the judgment term but considered and ruled on at a subsequent term.

It remains to consider the application as if made under section 20-2001, Comp. St. 1929, as perhaps defendant and his attorney intended.

We recently decided: "A district court has power to vacate or modify its judgments or orders after the term at which they were made, only for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929." *State v. Security State Bank, ante,* p. 516.

Section 20-2001, Comp. St. 1929, gives a district court power to vacate or modify its judgments or orders after the term at which they were made, for nine different reasons, each of which is stated in a subdivision of the section. Under the facts here the only one involved is the "Seventh. For unavoidable casualty or misfortune, preventing the party from prosecuting or defending."

The only thing that prevented defendant from acting within the term was either his own neglect or that of his then attorney, or both. From the testimony taken and preserved, it is not clear that the failure to answer was due to the attorney, but it is not necessary to decide between them. Defendant was very lacking in diligence, and a similar lack, if any, on the part of his counsel was attributable to the client and furnished no legal grounds for the vacation of the judgment. *Ganzer v. Schiffbauer,* 40 Neb. 633; *Scott v. Wright,* 50 Neb. 849; *Funk v. Kansas Mfg. Co.,* 53 Neb. 450; *Tootle-Weakley Millinery Co. v. Billingsley,* 74 Neb. 531. We conclude that the lack of diligence of a party or his attorney is not an "unavoid-

able casualty or misfortune," under the seventh subdivision of section 20-2001, Comp. St. 1929, preventing the party from defending an action at a former term of court.

The judgment of the district court is reversed, with directions to set aside the order vacating the judgment against defendant and to reinstate that judgment.

REVERSED.