BARBARA M. SHIPLEY, APPELLEE, v. WILLIAM A. McNEEL, APPELLANT.

32 N. W. 2d 639

Filed June 11, 1948.    No. 32398.

*R. V. Hoagland,* for appellant.

*C. M. Bosley* and *J. F. Ratcliff,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This appeal is a forcible entry and detainer case, involving the same property as that involved in Shipley v. McNeel, *post* p. 793, 32 N. W. 2d 636.

On April 3, 1947, after notice was duly served upon defendants to vacate the property, plaintiff filed her complaint in the county court for McPherson County, praying for restitution of the property, upon the premise that she was the owner and entitled to immediate possession of the same. She alleged substantially that defendant forcibly and unlawfully detained possession of the premises from plaintiff by reason of his failure to pay any rent as provided in a certain described lease with him, dated February 18, 1946, for the term March 1, 1946, to March 1, 1947. The nature of defendant's answer in the county court does not appear for the reason that the transcript therefrom to the district court does not contain any answer filed by him.

However, the case was, as shown by the transcript,

tried on the merits, and on April 17, 1947, the county court dismissed plaintiff's action upon· the ground that it had no jurisdiction because the evidence disclosed that title to the real estate was involved. Plaintiff thereafter appealed to the district court, and on September 22, 1947, filed therein a petition on appeal, substantially repeating the allegations of her original complaint, and attaching a copy of the lease entered into with defendant on February 18, 1946, wherein he agreed to pay cash rent of $700 on or before October 1, 1946, or surrender possession of the premises upon failure so to do, without the necessity of making demand for payment of the same on the date the rent was due.

Defendant filed an answer on October 21, 1947, denying that he was guilty of forcible entry and detainer, and alleging that on April 20, 1943, which it will be noted was approximately three years prior to execution of the lease heretofore referred to, defendant signed a contract with the then owner for the purchase of the realty involved, which gave him an interest in the same, by reason of which he prayed for dismissal of the action. On October 23, 1947, plaintiff filed a reply thereto.

In that connection, it will be noted that theretofore, on September 11, 1947, a decree had been entered, affirmed by this court in Shipley v. McNeel, *supra,* quieting the title, ownership, and right to possession of the realty in plaintiff as against defendants, of whom this defendant was one, and forever foreclosing and estopping defendants from claiming or asserting any right, title, possession, or right to possession or other interest in and to said described real estate here involved. Writ of assistance was also awarded plaintiff, which was returned without execution on October 10, 1947, but was finally fully executed and return was made on December 1, 1947, after defendant's appeals, both in that case and the one at bar, had been lodged in this court. The entire record in Shipley v. McNeel, *supra,* was offered in

evidence by plaintiff in the case at bar, and appears in the bill of exceptions.

On October 23, 1947, plaintiff filed a motion for judgment against defendant on the pleadings. On October 27, 1947, the parties and their respective counsel appeared in open court, whereat evidence was adduced and a trial of the case was had on the merits, without any demand for a jury trial.

The bill of exceptions recites that at the regular September 1947 term, on October 27, 1947, the cause was called for trial without intervention of a jury, and that it was stipulated and agreed by counsel for the parties that the bill of exceptions contained all of the evidence introduced on the trial of the case. The trial court certified that the bill of exceptions contained all of the evidence offered or given upon the trial of the case, together with all objections of counsel thereto, rulings of the court thereon, and exceptions taken thereto. The record discloses that defendant made no effective formal objections to the manner of procedure, and offered no evidence, although given opportunity by the court to do so.

Section 25-1103, R. S. 1943, provides: "A 'trial' is a judicial examination of the issues, whether of law or of fact in an action."

Contrary to defendant's contention, the case was disposed of on the merits after trial, and not by summary judgment, as argued by defendant. True, the trial court in its findings purported also to sustain plaintiff's motion for judgment on the pleadings, but regardless thereof, upon further consideration of the evidence, the court decided the case upon the merits and entered judgment finding and adjudging that the allegations of plaintiff's petition were true and awarded her restitution of the premises, as prayed, and taxed the costs to the defendant. Thereupon, application for supersedeas was made in open court but denied, and defendant appealed to this court without filing any motion for new trial.

In such a situation, the rule is that: "When it is sought to review the judgment of a district court, no motion for a new trial having been filed, this court will examine the record to ascertain if the pleadings state a cause of action or defense and support the judgment or decree, but it will not go back of the verdict rendered by the jury or findings of fact made by the trial court to review anything done or any proceeding had." In re Application of Rozgall, Rozgall v. Dorrance, 147 Neb. 260, 23 N. W. 2d 85.

Bearing that rule in mind, we have examined plaintiff's petition, and conclude that it did state a cause of action and supported the judgment of the trial court.

In conformity with section 27-1409, R. S. 1943, the trial court found that plaintiff's complaint was true, and rendered "a general judgment against defendant and in favor of plaintiff for restitution of the premises and costs of suit." Therefore, we conclude that the costs were properly taxed to defendant, contrary to his contention.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.