BARBARA M. SHIPLEY, APPELLEE, v. WILLIAM A. McNEEL ET AL., APPELLANTS.

32 N. W. 2d 636

Filed June 11, 1948. No. 32399.

R. V. *Hoagland,* for appellants.

C. M. *Bosley* and J. F. *Ratcliff,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

CHAPPELL, J.

This is an appeal from an order of the district court for McPherson County refusing to set aside a default judgment and give defendants a hearing on the merits. We sustain the judgment of the trial court.

The record discloses that on May 15, 1947, plaintiff filed a petition in the district court for McPherson County, seeking to quiet the title to certain described real farm property located in that county. Plaintiff, in her petition, among other things, alleged in substance that although defendants were in possession of the property under a written lease for one year, owned by her, which lease expired March 1, 1947, they thereafter refused to surrender possession, claiming to have some interest in the property by reason of a purported purchase contract executed in 1943 with the then owner.

Summons was duly served on defendants, designating answer day as June 16, 1947. No answer was filed by defendants on that date, but on June 27, 1947, they filed a motion to make paragraph 7 of plaintiff's petition more definite and certain by setting forth a true and correct copy of the purported alleged contract of purchase by defendant, referred to therein.

Under date of August 5, 1947, plaintiff, upon motion made in open court, was given leave to amend paragraph 7 of her petition by interlineation. Thereupon,

defendants' motion to make more definite and certain was overruled, and they were granted 10 days to file answer.

Plaintiff's amendment simply added the words: "and that plaintiff has never seen said purported contract; has never had it in her possession; does not know its contents, and denies that such purported contract ever existed." The law firm of which R. V. Hoagland, of counsel for defendants, was a member, knew of the order. R. V. Hoagland himself was informed thereof on September 5 or 6, 1947, by a member of his firm, and the contents of the amendment were available to defendants and their counsel by an examination of the court files at all times on and after August 9, 1947.

Defendants did not file an answer within 10 days from August 5, 1947, as required by the court, although admittedly on September 8, 1947, in open court, the trial court warned R. V. Hoagland that he "should get an answer on file immediately."

Thereafter, on September 11, 1947, in the district court for McPherson County, defendants not having yet answered, their default was duly entered, evidence was adduced in plaintiff's behalf, which does not appear in the record, and the trial court rendered its decree, finding generally for plaintiff and awarding her the relief sought by her petition.

The decree found generally that "the title, ownership and possession" of plaintiff was "quieted and confirmed in said plaintiff as against the defendants, and each of them, and as against all persons who may now or hereafter claim under or through said defendants, and that said defendants be and they hereby are forever foreclosed and estopped from claiming or asserting any right, title, possession or right to possession or other interest in and to said described real estate." The decree also awarded plaintiff a writ of assistance.

In the afternoon of September 11, 1947, the trial court advised counsel for defendants that they had been thus

defaulted. The decree was not filed by the clerk until September 15, 1947, but the decision was effective when rendered by the court on September 11, 1947. See Luikart v. Bredthauer, 132 Neb. 62, 271 N. W. 165.

Thereafter, on September 15, 1947, during the same term of court at which the default judgment was rendered, defendants filed an answer and cross-petition, together with a motion to vacate the judgment rendered on September 11, 1947, and for new trial, which motion was supported by the affidavit of R. V. Hoagland as counsel for defendants.

On September 22, 1947, at a subsequent term of court for McPherson County, defendants again failed to appear, and defaulted at the hearing upon the motion to vacate the judgment and for new trial. Whereupon the trial court entered an order, which, after reciting defendants' failure to appear, overruled their motion.

On September 25, 1947, at a subsequent term, and more than 10 days after rendition of the judgment, defendants filed an instrument designated as a motion and petition, praying substantially that the court should set aside the order of September 22, 1947, vacate the judgment rendered September 11, 1947, at a previous term, and grant them a hearing upon the issues set forth in their answer and cross-petition, in order that defendants could have their day in court. They also prayed for such other and further relief as might seem just and equitable.

On September 30, 1947, plaintiff filed a demurrer thereto, upon the ground that defendants' purported motion and petition did not state facts sufficient to constitute a cause of action. On October 27, 1947, plaintiff's demurrer was argued and submitted, whereat the purported motion and petition was found by the trial court to be essentially only a motion, and overruled the same, the effect of which, as assumed by defendants, was to sustain plaintiff's demurrer. Application for supersedeas was denied, and defendants appealed to this court only from the order of October 27, 1947.

The bill of exceptions consists solely of the affidavit filed by R. V. Hoagland in support of the motion filed September 15, 1947.

In the foregoing situation, defendants argued in their brief and before this court, not only that they were entitled to relief by virtue of subdivisions (3), (4), and (7), of section 25-2001, R. S. Supp., 1947, but also by virtue of the equitable powers of the court independently thereof. We cannot sustain that contention.

It appears from the substance thereof, that defendants' motion, filed September 15, 1947, was in legal effect only a motion for new trial, timely filed (section 25-1143, R. S. Supp., 1947), substantially for reasons enumerated in section 25-1142, R. S. 1943. The trial court, in its order of September 22, 1947, in effect found that defendants had not sustained any of those grounds, and unconditionally overruled the motion. That order was a final order, and appealable (Steele v. Haynes, 20 Neb. 316, 30 N. W. 63), but defendants did not appeal therefrom. Rather, in that situation, defendants, in order to obtain any relief, were required to appeal or pursue another and different remedy. See 46 C. J., New Trial, § 20, p. 68. Therefore, in their motion and petition filed September 25, 1947, at a subsequent term and more than 10 days from rendition of the judgment, they sought to vacate the same for reasons enumerated in section 25-2001, R. S. Supp., 1947, and in the manner provided by section 25-2002, R. S. 1943, or by virtue of the equitable powers of the court.

No contention was made in argument that defendants were entitled to a new trial within the time and in the manner prescribed in sections 25-1143 and 25-1145, R. S. 1943, as provided by subdivision (1) of section 25-2001, R. S. Supp., 1947. In any event, we conclude that no such reasons were either appropriately set forth in the motion and petition, or established by the affidavit of R. V. Hoagland, appearing in the bill of exceptions.

Viewed in that light, we have examined defendants'

motion and petition, and the affidavit of R. V. Hoagland. We do not deem it necessary to recite the contents thereof at length in this opinion. It is sufficient to say that comparable with Cronkleton v. Lane, 130 Neb. 17, 263 N. W. 388, defendants' motion and petition did not set out or plead any of the causes enumerated in section 25-2001, R. S. Supp., 1947, as required by section 25-2002, R. S. 1943. Moreover, comparable with Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197, the only reason which could be involved upon any plausible theory was "* * * (7) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending; * * *."

In that connection, the transcript and affidavit of R. V. Hoagland disclose upon their face that the only thing which prevented defendants from having an opportunity to defend was either defendants' purposeful attempts to delay trial upon the merits by refusal to obey the orders and processes of the court, thereby permitting them to longer retain possession of the property for their own advantage, or lack of diligence and negligence on the part of their counsel, which was attributed to defendants. The first reason clearly could not be an unavoidable casualty or misfortune, and this court has consistently held that lack of diligence or negligence of counsel was attributed to the client and not an unavoidable casualty or misfortune within the meaning of section 25-2001, R. S. Supp., 1947. See, Lyman v. Dunn, supra; Ganzer v. Schiffbauer, 40 Neb. 633, 59 N. W. 98; Scott v. Wright, 50 Neb. 849, 70 N. W. 396. Therefore, we conclude that under the circumstances presented here, defendants were not entitled to relief by virtue of any provision of section 25-2001, R. S. Supp., 1947.

With regard to defendants' contention that equity should grant them relief independently of the statute, it was held by this court in Lindstrom v. Nilsson, 133 Neb. 184, 274 N. W. 485, that: "While in a proper case an action in equity to obtain a new trial will lie, such

relief will not be granted when there is an adequate remedy at law.

"To be entitled to equitable relief, the litigant must show that, without fault or laches on his part, he was prevented from proceeding under section 20-2001, Comp. St. 1929, (now section 25-2001, R. S. Supp., 1947) to obtain a new trial." The case at bar is controlled thereby, and we conclude that defendants were not entitled to relief in equity. Cases relied upon by them are clearly distinguishable, both upon the law and the facts. It would serve no useful purpose to discuss them at length herein.

Other propositions of law were presented in the briefs, but they are not controlling under the circumstances, and for the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed.

AFFIRMED.