ANN NEMETZ, APPELLANT, v. FRANK NEMETZ, APPELLEE.

40 N W. 2d 685

Filed January 13, 1950. No. 32652.

*William F. Dalton,* and *Hotz & Hotz,* for appellant.

*Paul J. Garrotto* and *Oscar T. Doerr,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is the second appeal in this case. In the original action the trial court decreed that plaintiff and defendant were owners of the real estate involved as joint tenants with right of survivorship. We affirmed the judgment in Nemetz v. Nemetz, 147 Neb. 187, 22 N. W. 2d 619. The mandate of this court was filed in the district court on June 18, 1946, during the May 1946 term.

Thereafter on August 22, 1946, plaintiff filed a motion to tax costs and for judgment against the defendant and surety for use and occupancy of the premises. The matter was heard and taken under advisement on August 29, 1946, during the May 1946 term.

During the February 1947 term and on March 6, 1947, the court, reciting that it had heard the evidence of plaintiff and defendant and that each was represented by counsel, entered its order and judgment finding that plaintiff was entitled to $25 a month from August 5, 1944, to March 5, 1947, which, with interest, amounted to $808.93. The court further found that plaintiff was entitled to recover her costs taxed at $37.20, or a total of $846.13. Judgment for that amount, to bear 6% interest, was entered against defendant. Execution was authorized against defendant and in the event it was not satisfied, then against the surety. The judgment was approved as to form by the attorney then representing defendant.

On March 31, 1947, praecipe for execution was filed,

and execution was issued and later returned unsatisfied. On April 1, 1947, summons in garnishment was issued.

On April 1, 1947, a motion for a new trial was filed directed against the judgment of March 6, 1947, and setting up substantially the grounds authorized by section 25-1142, R. R. S. 1943.

On April 2, 1947, motion was filed to recall the execution and garnishment.

On April 3, 1947, return was made on the summons in garnishment showing service on April 1, 1947.

On April 11, 1947, a motion was filed to vacate the order of March 6, 1947, granting plaintiff judgment for $808.93, and interest. The motion stated that when the judgment was rendered the court failed to take into consideration the fact that the defendant had expended for repairs, improvements, taxes, and insurance on the property the amount of $2,820.36; that all of said amount was expended during the time plaintiff was in possession of the real estate; and that plaintiff was liable for one-half thereof. The motion further set out that the reasonable rental value of the one-half interest in the property was $17.50 a month; that in furtherance of justice the order of March 6, 1947, should be vacated for the purpose of allowing the defendant to present additional evidence as to the above matters; and that equitable relief be granted.

On April 12, 1947, the order in garnishment was dissolved and the garnishee discharged.

On May 3, 1947, all causes, matters, and motions pending were continued until the next term and the term adjourned sine die.

Thereafter on February 20, 1948, plaintiff filed a motion to strike material parts of defendant's motion of April 11, 1947, as to the items of repairs, taxes, and insurance, for two reasons: (1) The matters were res adjudicata as a result of the hearing of August 22, 1946, because at that time defendant had full knowledge of

the matters therein set out and the defense and failed to raise "said defense," and (2) the statute of limitations had run against the items of repair.

Afterward at the October 1948 term of court and on January 8, 1949, the court considered defendant's motion for a new trial, his motion to vacate, for leave to offer additional evidence, and for equitable relief, and plaintiff's motion to strike. The court overruled plaintiff's motion to strike and defendant's motion for a new trial, sustained the motion to vacate and to offer additional evidence, and modified its judgment of March 6, 1947. The court found that there was due the plaintiff from the defendant the amount of $1,362.20 for rent (based on $25 a month), and costs, without interest; that from June 11, 1942, to August 5, 1944 (the date plaintiff was given notice to vacate the premises), the defendant had made improvements and repairs and paid taxes and insurance in the amount of $2,720.15; that plaintiff was indebted to defendant for one-half thereof or the amount of $1,360.07, without interest; and that this latter sum was a proper set-off against the amount of rent and costs. The court set the one off against the other, entered judgment for plaintiff for $2.13 with interest, and attached that amount as a lien on the property. The court further ordered defendant to pay plaintiff rent in the amount of $25 a month, beginning December 5, 1948, and ordered plaintiff to pay one-half of the insurance and taxes from and after December 5, 1948.

On January 13, 1949, plaintiff filed a motion for a new trial and rehearing on the grounds that the order of January 8, 1949, was not sustained by evidence or was contrary to law; that it was contrary to law in that the court (1) was without jurisdiction to modify its order of March 6, 1947; (2) was without jurisdiction to grant defendant leave to offer additional evidence; (3) erred in receiving evidence as to money expended for repairs for the reason that the order of March 6, 1947, was a judgment which barred defenses raised and

which might have been raised; (4) erred in receiving evidence of expenditures for repairs when there was no evidence that plaintiff expressly or impliedly consented to said repairs; and (5) deprived plaintiff of the defense of the statute of limitations and other defenses. It further was set out that the court erred in its calculations of the amount expended by defendant.

Thereafter during the February 1949 term of court and on February 23, 1949, the court considered the motion for a new trial and entered an order amending its findings, which resulted in a judgment for plaintiff in the amount of $90.42, and then overruled the motion for a new trial. Plaintiff appeals.

Plaintiff's first assignment of error is that the court erred in entering its orders of January 8, 1949, and February 23, 1949, because it had lost jurisdiction to make the changes. Plaintiff relies on the rule stated in Lyman v. Dunn, 125 Neb. 770, 252 N. W. 197, as follows: "After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate the judgment except for the reasons stated and within the time limited in chapter 20, art. 20, Comp. St. 1929." (Now chapter 25, art. 20, R. R. S. 1943.) Plaintiff also relies on the cases of Cronkleton v. Lane, 130 Neb. 17, 263 N. W. 388, and Shipley v. McNeel, 149 Neb. 793, 32 N. W. 2d 636.

Defendant concedes the above rule as a statement of law but contends that it has no application here and asserts that at no time did the court disturb its judgment for rent in plaintiff's favor. Defendant states that he does not contend that this judgment should be modified but rather asserts that all the court did was exercise equitable powers and make an accounting of the amounts expended by defendant, and that it had a right to do so.

The record does not sustain defendant's contention as to what the court did. Defendant by his motion of April 11, 1947, undertook not only to present the items expended by him but also to have the monthly rental rate

reduced. Defendant moved that the judgment of March 6, 1947, be vacated, set aside, and held for naught. The trial court sustained that motion, modified its previous judgment, made a new finding as to the reasonable rental value, determined a new amount due for rental value during the extended period, finding and using the same monthly rate as a base, and entered a new judgment which it later again modified.

As to the right to equitable relief, we have held that "While in a proper case an action in equity to vacate a judgment and obtain a new trial will lie, such relief will not be granted when there is an adequate remedy at law. * * * To be entitled to equitable relief in such a case, the litigant must show that, without fault or laches on his part, he was prevented from proceeding under section 25-2001, R. S. Supp., 1947." Shipley v. McNeel, *supra*. See, also, Lindstrom v. Nilsson, 133 Neb. 184, 274 N. W. 485.

Defendant concedes that he has not come within the provisions of the statute or the above holdings. Defendant argues that the established rule that applies is as follows: "A court of equity which has obtained jurisdiction for any purpose will retain jurisdiction for the purpose of administering complete relief with respect to the subject-matter." Parsons Construction Co. v. Gifford, 129 Neb. 617, 262 N. W. 508.

The rule also is: "Statute enumerating grounds under which a judgment may be vacated after expiration of term at which judgment was rendered does not provide exclusive remedy, but such grounds are concurrent with independent equity jurisdiction." Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629.

It is patent that defendant undertook on April 11, 1947, to inject a cause of action against the plaintiff which up to that time had not been presented by pleadings or evidence. It appears that the facts to sustain this contention were known to the defendant at all times during the pendency of this litigation, and that

he had receipts in his possession to sustain his claim of payments made. He sought no relief on the basis here claimed when the case was tried, submitted, and decided on the issues made. He permitted the case to go to final decision on his contention that he was the exclusive owner of the property.

Defendant has established no grounds for the exercise of equitable relief.

It follows that the trial court's judgments of January 8, 1949, and February 23, 1949, were rendered without jurisdiction and were and are null and void. It follows also that the court's judgment of March 6, 1947, remains in full force and effect.

This renders unnecessary any determination of other assignments of error.

The judgment of the trial court is reversed and the cause remanded with directions to enter judgment in accord with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.