STORZ BREWING COMPANY AND ANTON J. KASPAR, SHERIFF, INTERVENER, APPELLANTS, V. CARL F. HANSEN, APPELLEE.

FILED JUNE 26, 1911.   No. 16,520.

1. **Execution: SALE: WAIVER OF IRREGULARITIES.** A purchaser of real estate at an execution sale, who after confirmation accepts the sheriff's deed, takes possession and afterwards conveys the same by warranty deed to a third person, thereby waives all errors and irregularities in the making of the sale and in the order of confirmation.

2. ———: ———: **DISTRIBUTION OF SURPLUS.** Where after confirmation of an execution sale of real estate it appeared that the bid which was accepted was made by the execution creditor, who also held a decree of foreclosure of mortgage against the property; that the execution debtor was insolvent; that the appraisement was of the gross value of the property without deducting liens; that the bid was made with the understanding of both sheriff and purchaser that the excess of the bid should be applied on the foreclosure decree, and no money was paid to the sheriff; a motion to require the officer to pay the amount of the bid over the execution debt into court for the benefit of the debtor should not be sustained, or, if sustained, the order not enforced until a reasonable opportunity is afforded the plaintiff by proper pleadings to set out the facts and apply for equitable relief.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed in part and remanded.*

*James W. Hamilton* and *George W. Wertz,* for appellants.

*Frank Dolezal, contra.*

---

* September 25, 1911, order entered taxing costs to appellants.

LETTON, J.

The Storz Brewing Company held two mortgages upon certain real estate, the property of the defendant Hansen, one for $500 and the other for $1,800. It began foreclosure proceedings upon both mortgages, but afterwards dismissed the action as to the $500 mortgage. The action proceeded to decree upon the remaining mortgage, and the execution of the order of sale was stayed for the statutory period. Pending the expiration of the stay, judgment was obtained in an action at law upon the note for $500. Execution was issued upon this judgment and levied upon the mortgaged property. Appraisers were appointed, who appraised the property at the sum of $1,500 as the gross valuation; no certificates of liens being procured and no deduction being made. The property was sold by the sheriff to the plaintiff, Storz Brewing Company, upon a bid of $1,300. The sheriff made return of the sale, which was confirmed on March 2, 1909, and a deed made by the officer to the purchaser. Thereafter the brewing company sold the premises to John Metzger. On the 3d day of May a motion was filed by defendant Hansen to require the sheriff to pay into court for his benefit $745.75, being the proceeds of the sale after satisfying the execution. On June 14 the plaintiffs moved the court to grant leave to the sheriff to amend his return, so as to show that the property was appraised at the gross valuation of $1,500, that the bid was on the gross valuation, and that no cash was received by the sheriff. Affidavits were filed in support of this motion. On July 2 the motion to require the sheriff to pay to defendant the remainder of the proceeds was sustained, and the motion of plaintiff to grant leave to the sheriff to amend his return of the execution was overruled, to which rulings exceptions were taken. On September 16 the sheriff filed a motion to set aside the sale and order of confirmation, supported by affidavit setting forth in detail all the facts with reference to the foreclosure of the mortgage, the

existence of the mortgage decree against the premises, that by mistake he understood that the mortgage lien was subject to the judgment, and that the surplus of the bid over the amount called for by the execution might right-fully be applied on the decree of foreclosure, that the bid of $1,300 was on the gross value of the premises, and that it was understood that plaintiff might pay the remainder of the bid over the judgment debt by crediting the same on the decree. The motion also set forth that Metzger consented to the setting aside of the sale. Objections and affidavits in resistance to this motion were filed by Hansen, and also by Metzger, who denied that he consented that the sale should be set aside, and alleged his title by warranty deed from the Storz Brewing Company. The motion of the sheriff to set aside the sale and confirmation and for leave to amend his return was overruled. From these rulings, the Storz Brewing Company and the sheriff have appealed.

It is apparent from the affidavits that careless and slip-shod methods of practice were indulged in with respect to the sale. It is equally apparent that neither the Storz Brewing Company nor the sheriff are entitled to have the sale set aside. Metzger has the legal title to the property, is not a party to this suit, and has not consented to the proposed action. Moreover, by the acceptance of the sheriff's deed and subsequent acts of control over the property, all irregularities were waived. *Hooper v. Castetter*, 45 Neb. 67.

While the district court was justified in refusing to set aside the sale and confirmation, we are convinced that the motion directing the sheriff to pay the money to Hansen should not have been sustained without at least reserving to the plaintiff the right to apply in equity to set off against this sum an equal portion of the mortgage debt. Hansen is insolvent; he owes the plaintiff over $1,800; still, by order of the court, plaintiff is compelled to pay to the sheriff for his benefit the sum of $745.75, as it alleges, by reason of a mistake made at the time of the sale.

We think that the motion of plaintiff, together with the affidavit of the sheriff and attorney showing the facts, would have justified the court in treating the same as being of the nature of an application to be allowed to credit the excess of the bid upon the foreclosure decree, and in directing proper issues to be made up and evidence taken in order to determine the rights of the parties in this regard. The court made no error, strictly speaking, in overruling the motion, but evidently there were rights claimed that it would have been better to settle at that time. It is even now not too late to allow this to be done. A reasonable opportunity should be afforded the plaintiff to make this proof. A case applying the principle is *Tootle-Weakley Millinery Co. v. Billingsley,* 74 Neb. 531. In that case we said: "It is not in every case that a court of equity will set off mutual demands which are distinct and independent of each other, but the insolvency of one party is a circumstance which strongly appeals to a court of conscience to apply the rule. If the result of the refusal would deprive one party of his property for the benefit of others to whom he is under no obligation, this will justify the granting of the relief prayed."

The order of the district court refusing to allow the sale to be set aside is right, and must be affirmed; but the judgment otherwise is modified so as to allow the plaintiff to make proper application herein to apply the proceeds of sale upon the foreclosure decree, for the court to try any issues raised upon such application, and to make such further orders in the matter as may be just. The cause is remanded to the district court to permit such application to be made, and for further proceedings, if necessary.

JUDGMENT ACCORDINGLY.

ROOT, J.

I concur in the conclusion of the majority opinion that the district court did not err in refusing to permit the sheriff to amend his return, but I dissent from that part of the opinion and the conclusion which modifies the

judgment of the district court and directs further proceedings to be had to permit a set-off of the debt represented by the decree against the money in the sheriff's hands.

The sheriff sold under execution whatever right Hansen had in the mortgaged premises, subject, of course, to the mortgage foreclosure, and the execution creditor paid $1,300 therefor. Now, if the $745.75 surplus be seized to satisfy a part of that decree in foreclosure, Hansen should to that extent be subrogated to the lien of the decree, and in the end the same result would obtain as will happen if the judgment of the district court be affirmed and Hansen be permitted to collect his money.

There is absolutely no justification in law for that part of the majority opinion to which I dissent.

FAWCETT, J., concurs in this dissent.