STORZ BREWING COMPANY, APPELLEE, v. CARL F. HANSEN ET AL., APPELLANTS.

FILED APRIL 16, 1915. No. 18958.

EXECUTION: APPLICATION OF SURPLUS. Plaintiff had foreclosed a mortgage upon a tract of real estate belonging to defendant, and was also the owner of a judgment rendered in the same court. An execution was issued on the judgment and levied upon the real estate. The premises were sold to the plaintiff at the execution sale; no deduction of liens being made. There was a surplus of the proceeds of the sale after paying the execution debt. An application was made by plaintiff to apply the surplus upon the foreclosure decree *pro tanto*, upon which issues were made up and a hearing had. *Held*, that the district court properly decided that in equity the creditor was entitled to have the surplus applied upon the foreclosure decree.

APPEAL from the district court for Colfax county: CONRAD HOLLENBECK, JUDGE. *Affirmed*.

*F. Dolezal,* for appellants.

*George W. Wertz* and *James W. Hamilton, contra.*

HAMER, J.

The facts in this case are stated in the former opinion, *Storz Brewing Co. v. Hansen,* 89 Neb. 685. The judgment was reversed and the case remanded to the district court, so as to allow the plaintiff to make a proper application to apply the surplus proceeds of the sale upon the foreclosure decree and to try any issues raised upon such application. Issues were framed and the cause tried accordingly.

The court found generally for the plaintiff on the motion, that there was due upon the judgment at the time of the sale $576.60, together with costs amounting to $27.35, and that at the time of such sale the plaintiff was the owner of a judgment of foreclosure against the defendant in the sum of $1,886.53, which constituted a second lien upon the premises sold under the execution, and that no part of the said amount had been paid. It was also found that Carl F. Hansen was insolvent, and that the portion of the sum bid at the execution sale which was not consumed by the judgment and costs amounted to $657.35, and that this sum should be applied by the plaintiff upon its judgment and decree of foreclosure, the costs of the proceeding to be taxed against the defendant Carl F. Hansen.

The proceeding was of the nature of an equitable garnishment. The mortgage was a lien on all of Hansen's interest in the property, including his homestead interest, and the surplus proceeds. Hansen is insolvent. He owes the brewing company more than $1,800. It would be grossly inequitable to allow him to retain the surplus arising from the sale.

The judgment of the district court is

AFFIRMED.