Anthony & Co. v. Karbach.

---

## E. & H. T. ANTHONY & COMPANY v. CHARLES KARBACH ET AL.

FILED APRIL 17, 1902. No. 11,587.

Commissioner's opinion, Department No. 3.

1. **"Unavoidable Casualty or Misfortune":** DISHONESTY OF ATTORNEY.
   Dishonesty of his attorney, whereby a client is prevented from
   making a defense to a pending suit, and judgment by default
   is taken against him, is "unavoidable casualty or misfortune,"
   within the meaning of section 602, Code of Civil Procedure.

2. **Vacation of Judgment:** PETITION: VERIFICATION: CODE. A peti-
   tion for the vacation of a judgment, under the provisions of
   section 603, Code of Civil Procedure, need not be verified posi-
   tively.

3. **Petition Before Court:** FILING. Where it appears from the record

that an answer was actually tendered by the plaintiff with his petition for the vacation of a judgment, and was before the court in such a way as to enable the court to pass upon its sufficiency, the fact that it was not formally filed is immaterial.

4. **Order of Vacation: SPECIAL AND GENERAL FINDINGS.** In the absence of a request for special findings, a general finding, in a proceeding to vacate a judgment, is sufficient to support an order of vacation.

ERROR from the district court for Douglas county. Tried below before SLABAUGH, J. *Affirmed.*

*B. N. Robertson,* for plaintiff in error.

*E. J. Cornish, contra.*

ALBERT, C.

This action was brought by Charles Karbach and Louis Raapke against Anthony & Co., to vacate a judgment in favor of the latter and against the former rendered at the preceding term of the district court. A trial was had, resulting in a finding in favor of the plaintiffs and an order vacating the judgment and granting a new trial. The defendants bring the case here on error.

That portion of the petition which states the grounds upon which a vacation of the judgment is sought is as follows:

"Plaintiffs further allege that immediately upon being served with summons in said action, they went to the office of one ―――――, an attorney at law, in the city of Omaha, and practicing in all of the courts of said state and retained and engaged said attorney to represent them in said action and stated to said attorney their defenses to said cause of action and further requested said ―― to correspond with all other defendants in said action and notify them of the pendency of said action. Said ―― accepted said employment and promised plaintiffs herein that he would attend to said action and would represent plaintiffs therein and would do all things necessary to be done to protect and care for the rights and interests of the plain-

tiffs in said action, and further would notify all other de-
fendants that said action was pending.  Plaintiffs further
allege that several times following said agreement with
said ——— and prior to the rendition of judgment in said
action they were informed by said ——— that he had noti-
fied the other defendants in said action, as promised by
him and had received instructions from said parties to
settle said case, that he had made investigation of the facts
of said action and had prepared and filed an answer in
said action and had done all other things necessary to pro-
tect the rights and interests of these plaintiffs in said ac-
tion.  Plaintiffs further allege that on the 3d day of July,
1899, being one of the days of the May, 1899 term of said
district court, the above named defendant, E. & H. T.
Anthony & Co. procured a judgment of default to be en-
tered against these plaintiffs in said action and further
a judgment against these plaintiffs in the sum of two
thousand two hundred eleven  dollars  twenty-five cents
($2,211.25) and costs of suit, all without the knowledge
and consent of these plaintiffs.  Plaintiffs further allege
that said May, 1899, term of said court came to an end
on the 31st day of July, 1899.  That they were not informed
nor did they know that judgment had been entered in said
cause until several days thereafter, to wit: About the 5th
day of August; that then they also learned that said ———
had not notified their co-defendants in said action, nor had
he made any appearance whatever in said action, on the
part of these plaintiffs, nor had he prepared or filed any
answer in said action for these plaintiffs, but had wholly
failed and neglected to perform any part of his duties as
attorney for these plaintiffs in said action.  Plaintiffs fur-
ther allege that they relied wholly and implicitly upon the
agreement made with said ——— to represent them in said
action, and to interpose their defense therein, and relied
upon the statement made to them by said ——— prior to the
rendition of judgment in said action; that he had done all
things necessary for the protection of the rights of these
plaintiffs therein.'

The defendants first insist that this case must be reversed because of the insufficiency of the petition. The sufficiency of the petition is challenged on three grounds, which we will consider in their order:

First. Because the facts stated therein are insufficient to entitle the plaintiffs to a vacation of the judgment, in that such facts do not bring the case within any of the grounds specified in section 602 of the Code of Civil Procedure, which provides for the vacation of judgments after the term at which they have been rendered. One of the grounds specified in that section is unavoidable casualty or misfortune, preventing the party from prosecuting or defending. The word "casualty" means accident; that which comes by chance, or without design, or without being a forseen contingency. The word "misfortune" means ill-luck, ill-fortune, calamity, evil or cross accident. We do not believe it requires any stretch of language to hold that one who has suffered by the dishonesty of his attorney, an officer of the court, as shown by the record in this case, is a victim of casualty and misfortune, as above defined. Where any injury or mishap befalls one, through unforeseen circumstances, which can not ordinarily be guarded against, it is misfortune. *Ex parte Burgess,* 57 L. T. Rep. [n. s.], 200. The supreme court of Iowa, in *Ennis v. Fourth Street Building Ass'n,* 71 N. W. Rep., 426, held, where a party to an action employed an attorney, who filed an answer therein and agreed to appear and defend, and who absconded five days before the case was tried, and the case was tried, submitted, and a decree rendered without the knowledge of such party thereof, or of the absence of his attorney, that such facts constitute unavoidable casualty and misfortune, and entitled such party to have the decree set aside. On principle, the case just cited is not distinguishable from the case at bar.

Second. Because the petition is not verified as required by section 603 of the Code of Civil Procedure. The verification, omitting the caption and jurat, is as follows:

"Charles J. Karbach, being first duly sworn says that he

is one of the plaintiffs in the above entitled action; that he knows the contents of the foregoing petition, and that the allegations therein contained are true as he verily believes."

The objection urged against this verification is that it is not in positive form. The provisions of section 603 do not differ materially from those of section 113, which provides for the verification of the petition in an ordinary action. That the verification would be good, under section 113, will be conceded. We can see no good reason why it should not be held good under section 603. We have not overlooked *Lander v. Abrahamson,* 34 Nebr., 553, where, in the body of the opinion, it is held that the petition, in an action of this kind, must be verified positively. No good reason is given there for the rule announced, nor was the point directly involved in the case. It is entirely omitted from the syllabus. In our opinion, it does not state the correct rule of practice and should not be followed. In our opinion the verification in this case is sufficient.

Third. Because no answer was tendered with the petition. The sufficient answer to this is, that an answer was tendered with the petition. It is true it was not filed in the case as pleadings are usually filed; nor are we sure that it should have been. But it appears from the bill of exceptions that it was tendered with the petition as the answer of the defendants, and was before the court at every stage of the proceedings, whereby the court was enabled to judge of the sufficiency of the defense, upon which the plaintiffs expected to rely in the event that the judgment was vacated and a new trial was granted. That is the only purpose of requiring the plaintiffs to tender an answer with their petition.

It is next urged that the findings of the court are not sustained by sufficient evidence. It would serve no useful purpose to review the testimony at length. It will suffice to say that we have examined it with some care, and are satisfied that it is amply sufficient to sustain the material

37

allegations of the petition, and shows conclusively that the defendants were the victims of casualty and misfortune, as hereinbefore defined, whereby they were prevented from making a defense to the action.

Complaint is made of the findings of the trial court because they do not show the grounds upon which the order vacating the judgment was made. The findings are general. We know of no rule of practice that requires the court to make specific findings, in the absence of a request therefor. No such request was made in this case. Consequently, the general finding is not only sufficient to sustain the order, but is in conformity with the settled rule of practice. We discover no error in the record, and therefore recommend that the judgment and order of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment and order of the district court is

AFFIRMED.