Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2018 08:12 AM CST

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Martin J. Troshynski, respondent.
___ N.W.2d ___

Filed August 17, 2018.    No. S-17-269.

Original action. Judgment of suspension.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, and Papik, JJ.

Per Curiam.

## INTRODUCTION

On March 15, 2017, formal charges containing one count were filed by the office of the Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Martin J. Troshynski. Respondent filed an answer to the charges on July 19. A referee was appointed on September 5. On November 8, relator filed amended formal charges after obtaining leave of this court to do so. The referee conducted a hearing on December 19.

The referee filed a report on January 9, 2018. With respect to the charges, the referee concluded that through respondent's conduct, he had breached the following provisions of the Nebraska Court Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence), 3-501.4(a)(3) and (4) (communication), 3-503.4 (fairness to opposing party and counsel), 3-508.1(b) (responding to bar admission and disciplinary matters), and 3-508.4(a) and (d) (conduct prejudicial to administration of justice) (rev. 2016). The referee further

- 764 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. TROSHYNSKI
Cite as 300 Neb. 763

found that respondent had violated his oath of office as an attorney licensed to practice law in the State of Nebraska. See Neb. Rev. Stat. § 7-104 (Reissue 2012). With respect to the discipline to be imposed, the referee recommended suspension of respondent's license to practice law for a period of 45 days, with a period of supervision of 2 years upon readmission. Respondent agreed to the proposed sanction. Neither relator nor respondent filed exceptions to the referee's report. Relator filed a motion for judgment on the pleadings under Neb. Ct. R. § 3-310(L) (rev. 2014) of the disciplinary rules. Respondent did not respond to the motion. We grant the motion for judgment on the pleadings and impose discipline as indicated below.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on September 14, 1990. At all times relevant to these proceedings, he has practiced in North Platte, Nebraska.

The substance of the referee's findings may be summarized as follows: respondent has been practicing for 27 years, is currently a solo practitioner, and his current law practice involves criminal defense and general practice. The violations arise from respondent's conduct with respect to two cases.

*T.W. and G.D.'s Case.*

In April 2010, T.W. and G.D. retained respondent to represent them in matters arising from their injuries from an automobile collision, and in 2013, respondent filed a complaint in the district court for Lincoln County on their behalf. In the course of that suit, the defendants served discovery requests to respondent in December 2013, but respondent did not provide the requested documents in 2014 or most of 2015, despite three motions to compel discovery relating to that 2013 request. On August 13, 2015, respondent failed to appear at a hearing and the district court ordered him to provide the requested documents or the case would be dismissed. Respondent failed to comply with the court's order, and the case was dismissed

- 765 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TROSHYNSKI
Cite as 300 Neb. 763

without prejudice on September 3, 2015. Respondent did not notify his clients. T.W. and G.D. learned of the dismissal from another source and not from respondent. After respondent filed a series of motions attempting to reinstate the case, T.W. and G.D.'s lawsuit was ultimately dismissed.

When relator twice requested respondent's client files regarding T.W. and G.D, respondent failed to respond for approximately 4 months.

*W.N.'s Case.*

W.N. retained respondent to represent her in a personal injury case arising out of a 2006 automobile collision. Respondent filed a complaint in the case in the district court for Lincoln County in January 2010. On October 21, the defendants sent a discovery request to respondent. On July 16, 2012, respondent filed a stipulation to continue the matter in which the parties agreed that additional time was needed to conduct discovery. On February 5, 2013, the court dismissed the case for lack of prosecution. Respondent was able to reinstate the case, but continued to fail to respond to discovery. The case was dismissed again without prejudice after respondent failed to file a response to the court's order to show cause. Respondent failed to communicate with W.N. in 2015 and 2016. On June 28, 2017, respondent notified W.N. that the matter had been dismissed by the court 2 years prior thereto.

In the referee's report filed January 9, 2018, the referee found that respondent violated the Nebraska Court Rules of Professional Conduct: §§ 3-501.3 (diligence), 3-501.4(a)(3) and (4) (communication), 3-503.4 (fairness to opposing party and counsel), 3-508.1(b) (responding to bar admission and disciplinary matters), and 3-508.4(a) and (d) (conduct prejudicial to administration of justice), as well as his oath of office as an attorney. The referee noted in his report that respondent agreed with the stipulated facts and accepts full responsibility for failing to respond to discovery requests and for the dismissal of his clients' cases outside of the statute of limitations.

- 766 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TROSHYNSKI
Cite as 300 Neb. 763

The referee noted that respondent previously had received a private reprimand.

In mitigation, respondent testified that he had stage "IIIA melanoma" and the court received evidence of cancer treatment side effects. The referee noted that numerous attorneys submitted affidavits regarding respondent's honorable character and his work to assist other attorneys and clients. As for the discipline imposed, the referee recommended a 45-day suspension with 2 years of supervision upon reinstatement.

## ANALYSIS

A proceeding to discipline an attorney is a trial de novo on the record. *State ex rel. Counsel for Dis. v. Gast*, 298 Neb. 203, 903 N.W.2d 259 (2017). To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *State ex rel. Counsel for Dis. v. Island*, 296 Neb. 624, 894 N.W.2d 804 (2017). Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id.*

Based on the record and the findings of the referee, we find that the above-referenced undisputed facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated §§ 3-501.3, 3-501.4(a)(3) and (4), 3-503.4, 3-508.1(b), and 3-508.4(a) and (d) of the professional conduct rules. We specifically conclude that respondent has violated his oath of office as an attorney, see § 7-104. Accordingly, we grant relator's motion for judgment on the pleadings.

We have stated that the basic issues in a disciplinary proceeding against an attorney are whether discipline should be imposed and, if so, the appropriate discipline under the circumstances. *State ex rel. Counsel for Dis. v. Island, supra*. Neb. Ct. R. § 3-304 of the disciplinary rules provides that the following may be considered as discipline for attorney misconduct:

(A) Misconduct shall be grounds for:

(1) Disbarment by the Court; or

- 767 -

Nebraska Supreme Court Advance Sheets
300 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. TROSHYNSKI
Cite as 300 Neb. 763

(2) Suspension by the Court; or

(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or

(4) Censure and reprimand by the Court; or

(5) Temporary suspension by the Court; or

(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.

(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.

See, also, § 3-310(N) of the disciplinary rules.

With respect to the imposition of attorney discipline in an individual case, each attorney discipline case must be evaluated in light of its particular facts and circumstances. *State ex rel. Counsel for Dis. v. Island, supra*. For purposes of determining the proper discipline of an attorney, this court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors. *Id.*

To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law. *Id.* We have considered prior discipline including reprimands as aggravators. *State ex rel. Counsel for Dis. v. Nich*, 279 Neb. 533, 780 N.W.2d 638 (2010).

The evidence in the present case establishes that respondent inexcusably failed to comply with discovery requests, attend hearings, and keep his clients informed. He failed to communicate with clients for long periods of time and failed to keep them informed regarding the dismissal of their matters. When contacted by relator, respondent failed to immediately respond to requests for records. The referee determined that the evidence showed that the clients were distraught and found

it frustrating to deal with respondent and suffered greatly from respondent's negligence.

The referee recommended discipline in the form of a 45-day suspension followed by 2 years of probation with a practice monitor. The referee took into account respondent's prior private reprimand. The referee also considered the fact that respondent had cancer and the showing of support for respondent by members of the legal community and the fact that respondent is a "substantial asset to the bar."

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court finds that the referee's recommendation of a 45-day suspension and, upon successful application for reinstatement, 2 years of monitored probation is appropriate. See *State ex rel. Counsel for Dis. v. Pivovar*, 288 Neb. 186, 846 N.W.2d 655 (2014). No exceptions were taken to the referee's recommendation, and we hereby adopt it.

Having imposed a period of suspension, respondent is ordered to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt of this court. We also direct respondent to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012), § 3-310(P), and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

At the end of the 45-day suspension, respondent may apply to be reinstated to the practice of law, provided that he has demonstrated his compliance with § 3-316 and further provided that relator has not notified this court that respondent has violated any disciplinary rule during his suspension. Upon reinstatement, respondent shall complete 2 years of monitored probation. During the period of probation, respondent will be monitored by an attorney licensed to practice law in the State of Nebraska and approved by relator. The monitoring plan shall include, but not be limited to, the following:

- 769 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
300 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. TROSHYNSKI
Cite as 300 Neb. 763

(1) On a monthly basis, respondent shall provide the monitoring attorney with a list of all cases for which respondent is then currently responsible, said list to include the following information for each case: (a) the date the attorney-client relationship began, (b) the type of case (i.e., criminal, dissolution, probate, contract, et cetera), (c) the date of the last contact with the client, (d) the last date and type of work completed on the case, (e) the next type of work and date to be completed on the case, and (f) any applicable statute of limitations and its date;

(2) On a monthly basis, respondent shall meet with the monitoring attorney to discuss respondent's pending cases;

(3) Respondent shall work with the monitoring attorney to develop and implement appropriate office procedures to ensure that client matters are handled in a timely manner; and

(4) If at any time the monitoring attorney believes respondent has violated a disciplinary rule or has failed to comply with the terms of probation, the monitoring attorney shall report the same to relator.

## CONCLUSION

The motion for judgment on the pleadings is granted. We find that respondent violated conduct rules §§ 3-501.3, 3-501.4(a)(3) and (4), 3-503.4, 3-508.1(b), and 3-508.4(a) and (d), as well as his oath of office as an attorney, see § 7-104. It is the judgment of this court that respondent is suspended from the practice of law for a period of 45 days, effective immediately. It is the further judgment of this court that upon completion of the period of suspension and upon successful application for reinstatement to the bar, respondent shall be placed on monitored probation for 2 years, subject to the terms set forth above.

JUDGMENT OF SUSPENSION.