Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/05/2019 08:11 AM CST

- 809 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

Tara and James Woodcock, husband and wife, and
Gary and Martha Ellen Dimmitt, husband
and wife, appellants, v. Anthony
Navarrete-James, appellee.

___ N.W.2d ___

Filed January 29, 2019.    No. A-17-722.

1. **Trial: Pleadings: Pretrial Procedure.** A motion for judgment on the
pleadings is properly granted when it appears from the pleadings that
only questions of law are presented.

2. **Motions to Vacate: Appeal and Error.** In reviewing a trial court's
action in vacating or refusing to vacate a judgment or order, an appellate
court will uphold and affirm the trial court's action in the absence of an
abuse of discretion.

3. **Pleadings: Proof: Dismissal and Nonsuit.** A motion seeking dismissal
of a complaint for failure to state a cause of action should be granted
only if it appears beyond doubt that the plaintiff can prove no set of
facts which would entitle him or her to relief.

4. **Courts: Judgments: Time.** After the final adjournment of the term of
court at which a judgment has been rendered, the court has no authority
or power to vacate or modify the judgment except for the reasons stated
and within the time limited in Neb. Rev. Stat. § 25-2001 (Reissue 2016).

5. **Attorney and Client: Negligence: Judgments: Time.** Lack of diligence
or negligence of counsel is not an unavoidable casualty or misfortune in
the context of Neb. Rev. Stat. § 25-2001(4)(f) (Reissue 2016) entitling
the applicant to vacation of judgment after adjournment of term at which
judgment has been rendered.

6. **Trial: Pleadings: Pretrial Procedure.** A motion for judgment on the
pleadings is properly granted when it appears from the pleadings that
only questions of law are presented.

7. **Appeal and Error.** An appellate court is not obligated to engage in an
analysis that is not necessary to adjudicate the case and controversy
before it.

- 810 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

Appeal from the District Court for Lincoln County: Donald E. Rowlands, Judge. Reversed and remanded for further proceedings.

James C. Bocott, of Law Office of James C. Bocott, P.C., L.L.O., for appellants.

Stephen L. Ahl and Krista M. Carlson, of Wolfe, Snowden, Hurd, Luers & Ahl, L.L.P., for appellee.

Pirtle, Riedmann, and Bishop, Judges.

Per Curiam.

## INTRODUCTION

Tara and James Woodcock, husband and wife, and Gary and Martha Ellen Dimmitt, husband and wife (collectively appellants), appeal from an order of the district court for Lincoln County dismissing their amended complaint seeking to vacate or modify a prior order that dismissed appellants' personal injury case against Anthony Navarrete-James and Yolanda Sanchez. Based on the reasons that follow, we reverse, and remand for further proceedings.

## BACKGROUND

On June 20, 2009, appellants were injured as a result of a motor vehicle accident caused by Navarrete-James' negligence in failing to stop at a red light. Appellants hired an attorney and filed a lawsuit in the district court for Lincoln County, case No. CI 13-349, against Navarrete-James and Sanchez. Appellants believed their attorney was doing what was necessary to pursue the matter and represent their interests. In November 2015, appellants learned that their lawsuit had been dismissed on September 3 for failure of their attorney to follow the court's orders on various motions to compel discovery requests. On December 31, appellants' attorney filed a motion to reinstate the dismissed lawsuit, and on March 17, 2016, the district court denied the motion. On March 25, appellants filed a motion to alter or amend the judgment or, alternatively, to

- 811 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

vacate and set aside the March 17 order. On April 27, the court entered an order reinstating appellants' case.

Navarrete-James and Sanchez filed a motion to vacate the court's April 27, 2016, order, which had reinstated the case. Upon further consideration, the court decided that its September 3, 2015, order (dismissing appellants' personal injury action) was final and disposed of all issues in the case. The court further determined that because it was a final order, and because the term of the court had already ended before appellants filed their March 25, 2016, motion to alter or amend the judgment, the court had no authority or power to vacate or modify the judgment except for the reasons stated in Neb. Rev. Stat. § 25-2001 (Reissue 2016). The court found that none of the statutory reasons for allowing a modification beyond the term identified in § 25-2001 were present, and on August 1, the court ordered that its April 27 order was null and void, and dismissed case No. CI 13-349 without prejudice. Appellants appealed the August 1 order, but dismissed the appeal before it was submitted to this court.

Appellants then filed a new action in the district court for Lincoln County, case No. CI 16-648, pursuant to Neb. Rev. Stat. § 25-2002 (Reissue 2016), which provides in relevant part: "The proceedings to vacate or modify the judgment or order on the grounds mentioned in subsection (4) of section 25-2001 shall be by complaint, setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant." The amended complaint alleged two "causes of action." The first alleged that their personal injury case should be reinstated based on § 25-2001(4)(f), and the second alleged that they were entitled to equitable relief. Appellants claimed they were unaware their attorney had failed to comply with discovery, they were repeatedly reassured that their case was progressing satisfactorily, they were completely unaware their lawsuit was in jeopardy of being dismissed, and they were never advised of any problems or impending deadlines. Appellants also stated that

- 812 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

their attorney suffered multiple health and family problems in 2014 and 2015, which he claimed impacted his ability to diligently pursue appellants' personal injury lawsuit.

With regard to the second "cause of action," the amended complaint stated that if the court determined appellants had no remedy under § 25-2001(4)(f), they had no adequate remedy at law and it would be necessary for the court to use its independent and concurrent equitable jurisdiction to vacate the court's March 17, 2016, order.

Navarrete-James filed a motion for judgment on the pleadings. At the hearing on the motion, appellants acknowledged that Sanchez had not been served within 6 months of the filing of the complaint as required by Neb. Rev. Stat. § 25-517.02 (Reissue 2016). Accordingly, the district court dismissed Sanchez from the case and dismissed the case against her without prejudice. Appellants do not contest this decision in their appeal.

Following the hearing, the trial court found that appellants' amended complaint was properly before it pursuant to § 25-2002, but that appellants had failed to state a claim. The court granted Navarrete-James' motion for judgment on the pleadings and dismissed the case with prejudice as to Navarrete-James. The court found, as it had already held in case No. CI 13-349, that none of the statutory reasons for allowing a modification or vacation beyond the term identified in § 25-2001 were present. It specifically found that appellants did not meet the statutory condition for reinstatement under § 25-2001(4)(f), as they alleged. The court also concluded that it could not apply its equity powers to reinstate case No. CI 13-349 because "[appellants] have tried to avail themselves of the statutory remedy, and . . . equity will not lie where there is a statutory remedy."

## ASSIGNMENTS OF ERROR

Appellants assign that the trial court erred by (1) dismissing their amended complaint for failure to state a cause of action

- 813 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

and (2) concluding there was no equitable basis for relief because they had an adequate remedy at law.

## STANDARD OF REVIEW

[1] A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *In re Trust Created by Hansen*, 274 Neb. 199, 739 N.W.2d 170 (2007).

[2] In reviewing a trial court's action in vacating or refusing to vacate a judgment or order, an appellate court will uphold and affirm the trial court's action in the absence of an abuse of discretion. See *In re Estate of West*, 226 Neb. 813, 415 N.W.2d 769 (1987).

## ANALYSIS

[3] Appellants contend the district court erred by dismissing their amended complaint on the pleadings because there were issues of fact which required resolution. A motion seeking dismissal of a complaint for failure to state a cause of action should be granted only if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief. *Dennes v. Dunning*, 14 Neb. App. 934, 719 N.W.2d 737 (2006). The trial court found that appellants could prove no set of facts under § 25-2001(4)(f) which would allow the court to vacate its March 17, 2016, order in case No. CI 13-349 and reinstate their personal injury action. However, we conclude there are issues of fact yet to be determined under the applicable legal principles, as discussed next.

[4] Our law is well settled that after the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to vacate or modify the judgment except for the reasons stated and within the time limited in § 25-2001. See *Emry v. American Honda Motor Co.*, 214 Neb. 435, 334 N.W.2d 786 (1983). Appellants' first "cause of action" in their amended complaint sought reinstatement of their personal injury case based on § 25-2001, specifically subsection (4)(f). Section 25-2001(4) provides: "A district court

- 814 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

may vacate or modify its own judgments or orders after the term at which such judgments or orders were made . . . (f) for unavoidable casualty or misfortune, preventing the party from prosecuting or defending . . . ."

The unavoidable casualty or misfortune appellants allege is based on the actions of their former attorney who failed to respond to discovery even after being warned that the case would be dismissed if appellants did not respond to the discovery. Appellants claim that their former attorney did not forward copies of pleadings to them, but repeatedly reassured them that their case was progressing satisfactorily. And despite being in contact with their attorney, the attorney never advised them of any problems or impending deadlines; they were completely unaware their lawsuit was in jeopardy of being dismissed.

[5] The rule is well-established in Nebraska that lack of diligence or negligence of counsel is not an unavoidable casualty or misfortune in the context of § 25-2001(4)(f) entitling the applicant to vacation of judgment after adjournment of term at which judgment has been rendered. See, *Emry v. American Honda Motor Co., supra*; *Shipley v. McNeel*, 149 Neb. 793, 32 N.W.2d 636 (1948); *Lyman v. Dunn*, 125 Neb. 770, 252 N.W. 197 (1934). Relying on *Emry v. American Honda Motor Co., supra*, the trial court held that "[a]lthough the negligence of counsel was a misfortune, it was not necessarily unavoidable, and . . . it did not prevent the [appellants] from prosecuting their case so as to come under § 25-2001(4)(f)." Appellants argue that the court's reliance on *Emry* was misplaced because it can be distinguished from the present case. We agree.

In *Emry*, plaintiff was represented by an attorney in Omaha, Nebraska, and two partners from a law firm in Minnesota. Plaintiff's attorney did not respond to defendants' discovery requests, and the court issued a second order to show cause why the case should not be dismissed. During the period of inaction that led to the second show cause order, plaintiff's

- 815 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

principal attorney in Minnesota died in July 1978 and his partner began to distribute some of his cases to other attorneys and asked an Omaha attorney to handle plaintiff's case. The partner forwarded plaintiff's file to the Omaha attorney in August 1979. The Omaha attorney did not accept representation until July 1980, and at that time, he found out the case had been dismissed in May. He then filed a petition to vacate the dismissal based upon § 25-2001, which the trial court granted, thereby reinstating plaintiff's products liability case. Defendants appealed.

On appeal, the Nebraska Supreme Court noted that there was confusion as a result of the Minnesota attorney's death, but that nothing was done to move the case forward from the time of his death in 1978 until the second order to show cause was entered in 1980. The court held that the attorney's death probably was an unavoidable casualty or misfortune, but the death did not prevent plaintiff from prosecuting his claim. The court further stated:

> It would seem that 2 years was certainly a long enough time for the confusion resulting from [the attorney's] death to subside. Even if there were lingering confusion as to who was handling the case, the respective attorneys might have at least recognized that there was confusion and governed themselves accordingly. We believe that this appeal could have easily been avoided; for example, if there had been formal appearances and withdrawals of the attorneys *of record*.

*Emry v. American Honda Motor Co.*, 214 Neb. 435, 444, 334 N.W.2d 786, 792 (1983) (emphasis in original). The court then cited the rule that lack of diligence or negligence of counsel is not an unavoidable casualty or misfortune. Certainly, the record before us would indicate that some of appellants' former attorney's actions may be characterized as lack of diligence or negligence. However, other actions by the attorney may rise to the level of intentional misstatements or misrepresentations or dishonesty; such actions have been

- 816 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

viewed differently when considering unavoidable casualty or misfortune.

Appellants cite us to the case of *Anthony & Co. v. Karbach*, 64 Neb. 509, 90 N.W. 243 (1902), which we find more applicable to the present situation than the case of *Emry v. American Honda Motor Co., supra*. In *Anthony & Co.*, plaintiff filed suit against two defendants, seeking a judgment for monetary damages. Defendants retained an attorney to represent them in the litigation. The attorney informed defendants several times that he had done certain things, but defendants later learned the attorney had taken no action to protect their interests and that a default judgment in the amount of $2,211.25 plus costs had been entered against them several months earlier. Now outside the previous court term, they sought to vacate the default judgment and requested a new trial. The district court agreed and vacated the judgment. Plaintiff appealed; one argument on appeal was that the facts were not such to bring the case within any of the grounds specified by statute "for the vacation of judgments after the term at which they have been rendered." *Anthony & Co. v. Karbach*, 64 Neb. at 512, 90 N.W. at 244. The Nebraska Supreme Court affirmed the decision of the district court, and as relevant here, stated:

> One of the grounds specified . . . is unavoidable casualty or misfortune, preventing the party from prosecuting or defending. The word "casualty" means accident; that which comes by chance, or without design, or without being a foreseen contingency. The word "misfortune" means ill-luck; ill-fortune; calamity; evil or cross accident. We do not believe it requires any stretch of language to hold that one who has suffered by the dishonesty of his attorney, an officer of the court, as shown by the record in this case, is a victim of casualty and misfortune, as above defined. Where any injury or mishap befalls one, through unforeseen circumstances, which can not ordinarily be guarded against, it is misfortune.

*Id.*

- 817 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

We conclude the present case is distinguishable from *Emry* and is more akin to the *Anthony & Co.* case. In the amended complaint at issue, appellants alleged that they understood that their attorney was doing what was necessary to diligently pursue their claim and competently represent their interests; they were unaware that their attorney had not responded to discovery requests; they were led to believe and did believe that their interests were being adequately represented; and at all times, appellants were compliant and responsive to any requests or demands made by their attorney for information necessary to respond to discovery requests. Most important, appellants alleged that they were "1) repeated[ly] reassured that their case was progressing satisfactorily; 2) completely unaware that their lawsuit was in jeopardy of being dismissed; and, 3) never advised of any problems or impending deadlines, despite being in contact with their attorney."

In *Emry v. American Honda Motor Co.*, 214 Neb. 435, 334 N.W.2d 786 (1983), in contrast to the present case, there is no indication of any communication between plaintiff and counsel between the time the attorney died and the case was dismissed. There was confusion created after the death of counsel, but no indication that plaintiff was misled into believing that the case was progressing satisfactorily. In the present case, unlike *Emry*, appellants allege that they had no reason to believe their case was in jeopardy of being dismissed as a result of their attorney's failure to comply with discovery; their attorney did not provide them copies of pleadings, including motions to compel or motions to dismiss. Appellants were in contact with their attorney, provided information to the attorney when asked, and were reassured by the attorney that the case was progressing forward. The attorney's reassurances to appellants in the instant case, as alleged in the amended complaint, amount to more than a lack of diligence or negligence. The attorney's actions appear to have been dishonest, with the intention of misleading appellants; these are behaviors which the Nebraska Supreme Court has determined

- 818 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

may constitute unavoidable casualty or misfortune, as discussed above.

The dissent concludes that a recent decision by the Nebraska Supreme Court resolves any possible factual issues and controls the outcome of this appeal. The Supreme Court reviewed the attorney disciplinary proceeding brought against appellants' former attorney, Martin Troshynski, and the opinion was released following oral argument in this case. See *State ex rel. Counsel for Dis. v. Troshynski*, 300 Neb. 763, 916 N.W.2d 57 (2018). In the disciplinary case, the grievance filed by appellants herein and another former client was based primarily upon omissions by the attorney, whereas in the present case, appellants alleged they were "repeated[ly] reassured that their case was progressing satisfactorily." The latter is a claim of dishonesty which is not mentioned in the Supreme Court's opinion. Also, Neb. Ct. R. § 3-320 states:

> The acquittal of the member on criminal charges or a verdict or judgment in the member's favor in civil litigation involving material allegations similar in substance to a Grievance, Complaint, or Formal Charge shall not in and of itself justify termination of disciplinary proceedings predicated upon the same or substantially the same material allegations.

This would appear to create a divide between attorney discipline and the underlying case upon which the disciplinary action is based. Grounds for discipline include violation of an attorney's oath or of the Nebraska Rules of Professional Conduct. See Neb. Ct. R. § 3-303. And that violation can be either negligent or intentional. We conclude the attorney discipline case does not control the outcome of the present appeal because an attorney disciplinary action is based upon a violation of the oath of office or the Nebraska Rules of Professional Conduct, which can be either negligent or intentional, and the rules do not require proof of which theory underlies the grievance. In the appeal before us, there are allegations of affirmative statements by the attorney which were

- 819 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

dishonest and appear to have been made with the intention of misleading appellants. Whether such facts can be proved remain the burden of appellants; however, because questions of fact remain, judgment and dismissal on the pleadings was not appropriate.

[6] A motion for judgment on the pleadings is properly granted when it appears from the pleadings that only questions of law are presented. *In re Trust Created by Hansen*, 274 Neb. 199, 739 N.W.2d 170 (2007). As already noted, appellants' amended complaint raises more than questions of law. Appellants alleged that their attorney misled them and repeatedly reassured them that their case was progressing satisfactorily. We conclude that appellants' amended complaint raises questions of fact as to whether the actions of their attorney amount to an unavoidable casualty or misfortune which prevented them from prosecuting their case, in the context of § 25-2001(4)(f). The motion for judgment on the pleadings should have been denied.

[7] Because we conclude that the motion for judgment on the pleadings should have been denied based on § 25-2001(4)(f), we need not address appellants' argument that the trial court erred in concluding that there was no equitable basis for relief. See *Nesbitt v. Frakes*, 300 Neb. 1, 911 N.W.2d 598 (2018) (appellate court not obligated to engage in analysis not necessary to adjudicate case and controversy before it).

## CONCLUSION

The district court erred by granting Navarrete-James' motion for judgment on the pleadings and dismissing appellants' case with prejudice.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

PIRTLE, Judge, dissenting.

While I am sympathetic to the plight of appellants, and I fully appreciate that the result reached previously by the district court may appear harsh and unfair, I respectfully dissent

- 820 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

from the majority's conclusion that the district court erred in granting Navarrete-James' motion for judgment on the pleadings. I disagree with the majority's determination that the amended complaint raises questions of fact as to whether counsel's actions amounted to unavoidable casualty or misfortune which prevented appellants from prosecuting their personal injury case.

As stated in the majority opinion, the lack of diligence or negligence of counsel is not unavoidable casualty or misfortune in the context of § 25-2001(4)(f) entitling the applicant to vacation of judgment after adjournment of term at which judgment has been rendered. *Emry v. American Honda Motor Co.*, 214 Neb. 435, 334 N.W.2d 786 (1983). I would conclude that appellants' counsel's actions as alleged in the amended complaint were clearly due to lack of diligence or negligence of counsel and that therefore, there is no question of fact.

My conclusion that there is no question of fact that counsel's actions were due to lack of diligence or negligence of counsel, such that § 25-2001(4)(f) does not apply, is based on the allegations contained within the amended complaint itself filed by appellants in the district court and the Nebraska Supreme Court's recent decision in *State ex rel. Counsel for Dis. v. Troshynski*, 300 Neb. 763, 916 N.W.2d 57 (2018). The court discusses counsel's failure to comply with discovery requests in appellants' personal injury lawsuit against appellees, resulting in the dismissal of appellants' case. The court noted that the referee determined that the evidence showed that "the clients . . . suffered greatly from [counsel's] *negligence*." *Id*. at 767-68, 916 N.W.2d at 60 (emphasis supplied). The court found that the facts were undisputed and were established by clear and convincing evidence. It concluded that counsel violated several provisions of the Nebraska Rules of Professional Conduct and violated his oath of office as a licensed attorney during the time he represented appellants.

In the amended complaint before us now, appellants alleged that they were unaware that their attorney had failed to comply

- 821 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
WOODCOCK v. NAVARRETE-JAMES
Cite as 26 Neb. App. 809

with discovery, that they were repeatedly reassured that their case was progressing satisfactorily, that they were completely unaware their lawsuit was in jeopardy of being dismissed, and that they were never advised of any problems or impending deadlines. Appellants also stated that their counsel suffered multiple health and family problems in 2014 and 2015 that he now claims impacted his ability to diligently pursue appellants' personal injury lawsuit. Appellants made no allegations that their counsel hid information or prevented them from following the progress of their case, or lack thereof, nor did they allege that he committed any fraud or deceit or that any of his actions were intentional.

Because the Supreme Court has found that counsel's actions were negligent, there can be no question of fact as to whether counsel's actions amounted to unavoidable casualty or misfortune which prevented appellants from prosecuting their personal injury case. I believe the district court correctly found that appellants were not entitled to relief pursuant to § 25-2001(4)(f) and did not err in granting Navarrete-James' motion for judgment on the pleadings.

I would conclude, therefore, that the district court did not err in refusing to vacate the March 17, 2016, order and reinstate their case.