Pirtle, Judge, dissenting.
While I am sympathetic to the plight of appellants, and I fully appreciate that the result reached previously by the district court may appear harsh and unfair, I respectfully dissent *820 from the majority's conclusion that the district court erred in granting Navarrete-James' motion for judgment on the pleadings. I disagree with the majority's determination that the amended complaint raises questions of fact as to whether counsel's actions amounted to unavoidable casualty or misfortune which prevented appellants from prosecuting their personal injury case.
As stated in the majority opinion, the lack of diligence or negligence of counsel is not unavoidable casualty or misfortune in the context of § 25-2001(4)(f) entitling the applicant to vacation of judgment after adjournment of term at which judgment has been rendered. Emry v. American Honda Motor Co. , 214 Neb. 435, 334 N.W.2d 786 (1983). I would conclude that appellants' counsel's actions as alleged in the amended complaint were clearly due to lack of diligence or negligence of counsel and that therefore, there is no question of fact.
My conclusion that there is no question of fact that counsel's actions were due to lack of diligence or negligence of counsel, such that § 25-2001(4)(f) does not apply, is based on the allegations contained within the amended complaint itself filed by appellants in the district court and the Nebraska Supreme Court's recent decision in State ex rel. Counsel for Dis. v. Troshynski , 300 Neb. 763, 916 N.W.2d 57 (2018). The court discusses counsel's failure to comply with discovery requests in appellants' personal injury lawsuit against appellees, resulting in the dismissal of appellants' case. The court noted that the referee determined that the evidence showed that "the clients ... suffered greatly from [counsel's] negligence ." Id . at 767-68, 916 N.W.2d at 60 (emphasis supplied). The court found that the facts were undisputed and were established by *777 clear and convincing evidence. It concluded that counsel violated several provisions of the Nebraska Rules of Professional Conduct and violated his oath of office as a licensed attorney during the time he represented appellants.
In the amended complaint before us now, appellants alleged that they were unaware that their attorney had failed to comply *821 with discovery, that they were repeatedly reassured that their case was progressing satisfactorily, that they were completely unaware their lawsuit was in jeopardy of being dismissed, and that they were never advised of any problems or impending deadlines. Appellants also stated that their counsel suffered multiple health and family problems in 2014 and 2015 that he now claims impacted his ability to diligently pursue appellants' personal injury lawsuit. Appellants made no allegations that their counsel hid information or prevented them from following the progress of their case, or lack thereof, nor did they allege that he committed any fraud or deceit or that any of his actions were intentional.
Because the Supreme Court has found that counsel's actions were negligent, there can be no question of fact as to whether counsel's actions amounted to unavoidable casualty or misfortune which prevented appellants from prosecuting their personal injury case. I believe the district court correctly found that appellants were not entitled to relief pursuant to § 25-2001(4)(f) and did not err in granting Navarrete-James' motion for judgment on the pleadings.
I would conclude, therefore, that the district court did not err in refusing to vacate the March 17, 2016, order and reinstate their case.